## Case No. 3,040.

### The COLUMBO.

[3 Blatchf. 521;[1] 35 Hunt. Mer. Mag. 449; 19 Law Rep. 376; 13 Leg. Int. 361.]

Circuit Court, S. D. New York. Sept. 15, 1856.[2]

BILL OF LADING — PROOF OF EXECUTION—"GOOD ORDER AND CONDITION" — "WEIGHT AND CONTENTS UNKNOWN"—BURDEN OF PROOF—VISIBLE DAMAGE.

1. The proper mode of proving the execution of a bill of lading, considered.

2. Where a bill of lading acknowledged the receipt, in good order and condition, of casks containing bristles, which were covered with matting, and well secured by cords around the body and ends, and engaged to deliver them in like good order and condition to the consignees, and also contained the clause, "weight and contents unknown:" *Held*, that there was no admission by the master, in the bill of lading, as to the condition of the goods, beyond that visible to the eye, or apparent from handling the casks or their outside protection.

[Cited in The Olbers, Case No. 10,477; The California, Id. 2,314; Vaughan v. Six Hundred and Thirty Casks of Sherry Wine, Id. 16,900; The Vincenzo T., Id. 16,948.]

3. When a question arises as to the condition of the contents of such casks, in a case where such a clause is found in the bill of lading, the burden rests on the shipper, in the first instance, to prove the condition of the goods at the time of shipment; and, in the absence of such proof, the carrier is not properly chargeable for the condition of such contents.

4. If the external covering of the goods is damaged when they are delivered, so as to account for an injury to the contents, the evidence may be dispensed with, the admission in the bill of lading being prima facie sufficient.

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. This was a libel in rem, filed in the district court, against the bark Columbo, to recover damages for injury to one of thirteen casks of bristles, shipped by that vessel from Hamburg to New York. The libel averred that the goods were shipped under a bill of lading by which the master acknowledged the receipt of the goods on board of the vessel in good order and condition, and engaged to deliver them in like good order and condition to the consignees. The answer denied the allegations of the libel. After a decree in the district court in favor of the libellants [Case No. 3,910a], the claimants appealed to this court.

Alanson Nash, for libellants.
Charles Donohue, for claimants.

NELSON, Circuit Justice. The casks containing the bristles in this case were slightly made, in the form of barrels or hogsheads, covered with matting, and well secured by cords around the body and ends. The cartman who carried the goods from the ship, went into the hold of the vessel, to assist in taking them out, and, when he pressed his foot upon the cask in question, he discovered it was broken. It did not appear to be injured till he put his foot on it, and it could have been raised from the ship without discovering the break. It was found broken at the bilge, when the matting was removed, after it was delivered at the store.

The bill of lading was not proved, either in the court below or in this court, and I entertain strong doubts if it should be regarded as a part of the case. The clerk who testifies that it was received in a letter from the shippers at Hamburg to the consignees at this port, speaks only from hearsay, and not of his own knowledge; and, even if he did, his evidence can hardly be regarded as proof of its execution by the master. The delivery of the goods by the master to the consignees named in it, may raise an implication in favor of the genuineness of the instrument. But the evidence is very loose, and it might lead to abuse if such evidence were to be allowed as generally satisfactory. I do not mean, however, to put my opinion upon this part of the case.

The bill of lading produced contains the clause, "weight and contents unknown." When the matting and ropes were removed, the bristles in the cask were found to be very much deranged, and the bunches were broken and in confusion, so as to make it difficult to assort them. Now, as I understand the effect of this clause in the bill of lading, there is no admission by the master as to the condition of the goods, beyond that visible to the eye, or apparent from handling the casks or boxes, or their outside protection, whatever it may be. If the clause does not mean this, I am not aware that any effect can be given to it. Clark v. Barnwell, 12 How. [53 U. S.] 272.

It is observed by Mr. Abbott (Abb. Shipp. 216), that "if there is any dispute about the quantity or condition of the goods, or if the contents of casks or bales are unknown, the words of the bill of lading should be varied accordingly." As far as my experience goes, I think this effect of the clause is in accordance with the general understanding of those concerned in the carrying of goods—shippers and owners. When, therefore, a question arises as to the condition of the contents of casks or bales, in a case where this clause is inserted in the bill of lading, the burden rests upon the shipper, in the first instance, to prove the condition of the goods at the time of shipment; and I remember several cases before me in which commissions were executed on his behalf abroad, and an elaborate inquiry made for the purpose of establishing the fact. If the external covering of the goods is damaged when they are delivered, so as to account for an injury to the contents, then the evidence may be dispensed with. The admission in the bill of lading would then be prima facie sufficient.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] Reversing Dill v. The Columbo, Case No. 3,910a.

It was said, on the argument, that the external covering or protection, in this case, was damaged, and that if it was in that condition at the time the goods were shipped, the master must have known it, or at least is chargeable with knowledge of it. But I am not satisfied that this is a just or reasonable conclusion from the evidence. The cartman states that the cask was apparently externally uninjured, and that it might have been raised from the hold without discovering the break; and, if so, it might have been stowed there without discovering the fact. Indeed, it appears, from the evidence, that the covering of the cask with the mat, well secured with cords both around the body and ends, would prevent any discovery of the break, unless there was some special examination. It seems to me, therefore, that the case is one in which effect should be given to the clause in question, and in which the burden lay upon the libellants to prove the condition of the contents at the time the goods were delivered on board of the ship; and that, in the absence of such proof, the carrier is not properly chargeable for the condition of the contents. It would be very unjust to charge him, if they were delivered to the consignee in the condition in which they were received on the ship; and, for aught that is stipulated in the bill of lading, I think they were. The decree must be reversed, with costs.