LESTER B. MILLER et al., Respondents, *v.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

The rule, that in case of repugnancy between written and printed clauses in a contract the written clauses will prevail over the printed applies only when the clauses cannot be reconciled.

It is the duty of courts in construing such contracts, as well as those wholly printed or written, to give effect, if possible, to all the clauses and take into consideration the whole instrument.

When two clauses, apparently repugnant may be reconciled by any reasonable construction, as by regarding one as a qualification of the other, that construction must be given.

Defendant having received from a person representing himself to be a member of the firm of E. W. P. & Co., thirty barrels for transportation over its road, delivered to him a bill of lading, certifying that it had received of said firm, consigned to their order, " the following described packages in apparent good order contents and value unknown;" this part was printed; following it and before the signature of defendant's agent was written "articles: 30 bbls. eggs." The person receiving the bill indorsed it in blank in the name of E. W. P. & Co. and annexed it to a draft drawn upon plaintiffs, who, upon the faith and security thereof, accepted and paid the draft. The barrels, in fact, were filled with sawdust and contained no eggs. In an action to recover plaintiffs' damages, *held,* that the description of the articles was not a representation that the barrels contained eggs; but, taking the whole instrument together, it imported only that defendant had received thirty packages described as containing or purporting to contain eggs, but the actual contents of which were unknown to defendant.

*Miller* v. *H. & St. J. R. R. Co.* (24 Hun, 607), reversed.

(Argued November 16, 1882 ; decided November 28, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 20, 1881, which reversed an order of Special Term, overruling a demurrer to plaintiffs' complaint herein. (Reported below, 24 Hun, 607.)

The substance of the complaint is set forth in the opinion.

*Elihu Root* for appellant. The complaint states no cause of action for deceit, because it does not allege that the defendant or its agent knew that the alleged representation was false,

or believed, or had reason to believe, that they were false, or intended to deceive or to defraud the plaintiffs, or to deceive or to defraud any one whomsoever. (*Meyer* v. *Amidon*, 45 N. Y. 169; *Oberlander* v. *Spiess*, id. 175.) All expressions of a bill of lading, even in the absence of restricting or disclaiming clauses, are to be presumed to apply only to the external appearance of the packages, cases or bales if the shipment be in that form, or of the material if the shipment be in bulk, and are not to be understood as stating the result of any examination of contents. (*Vaughan* v. *Six Hundred Casks of Sherry Wine*, 7 Ben. 506–509; 14 Blatchf. 517; *Swan* v. *Wingate*, 3 Allen, 103; Abb. on Shipping, 339, citing Valin and Boulay Paty; *West* v. *Steamboat Berlin*, 3 Clark [Ia.], 532–542; *Barrett* v. *Rogers*, 7 Mass. 297; *Bissell* v. *Price*, 16 Ill. 408; *Hastings* v. *Pepper*, 11 Pick. 43.) The clause "contents and value unknown," is an effective exclusion of any representation as to contents in the description of articles shipped. (*Barhydt* v. *Ellis*, 45 N. Y. 107–110; *Harper* v. *New York Ins. Co.*, 22 id. 441–443.) There is no repugnancy between this clause and the written parts of the bill of lading. (*Haddon* v. *Perry*, 3 Taunt. 203; *Clark* v. *Barwill*, 12 How. 272, 283; *Jessel* v. *Bath*, L. R., 2 Exch. 267; *Sheppard* v. *Naylor*, 5 Gray, 591; *The Columbo*, 3 Blatchf. 521; Abbott on Ship. 216; *Lebau* v. *Gen. S. N. Co.*, L. R., 8 C. P. 88.)

*Douglas Campbell* for respondents. The party issuing a bill of lading is estopped, as against an assignee for valuable consideration upon the faith of the acknowledgments which it contains, from denying the truth of the statements to which he has given credit by his signature. (*Meyer* v. *Peck*, 28 N. Y. 598; *Armour* v. *Mich. C. R. R. Co.*, 65 id. 116; *F. & M. Bk.* v. *Erie R. R.*, 72 id. 188; 1 Wait's Actions and Defenses, 531; *Sears* v. *Wingate*, 3 Allen, 103; *Byrne* v. *Weeks*, 7 Bosw. 372.) The statement in the printed portion "contents and value unknown" is of no avail against the written receipt for 30 "barrels of eggs." The statements are repugnant and the written portion must prevail. (*Leeds* v. *Mechs. Ins. Co.*, 8 N. Y. 351; *Harper* v. *Albany Mut. Ins. Co.*, 17 id. 198.)

ANDREWS, Ch. J.    The question in this case arises on demurrer to the complaint.    The complaint shows that on the 1st day of November, 1878, a person, unknown to the plaintiffs, but holding himself out as a member of the firm of E. W. Peck & Co., delivered to the defendant at Kansas City, Missouri, for transportation to the city of New York, by way of its railroad and connecting lines, thirty packages or barrels. The defendant, on receipt of the packages, issued a bill of lading, partly printed, and partly written, certifying that it had received of E. W. Peck & Co., consigned to their order, New York, the "following described packages in apparent good order (contents and value unknown), consigned as marked and numbered in the margin."    Following this clause were the terms on which the property was to be carried, and immediately thereafter, and before the signature of defendant's agent, was inserted in writing as follows : "Articles, thirty bbls. of eggs, O. R. F., E. W. P. & Co., N. Y."    The clause first quoted was printed, as were all the other parts of the bill, except the date, the name of the shippers and consignees, the statement of the articles, and the signature of the agent of the defendant. In fact, the barrels were filled with sawdust, and contained no eggs.    The person receiving the bill, indorsed it in blank under the name of E. W. Peck & Co., and annexed it to a draft drawn upon the plaintiffs, who accepted and paid it upon the faith and security of the bill of lading, without knowledge of the fraud.    The complaint does not charge that the defendant knew of the fraud, or acted in bad faith.    It alleges that thirty barrels of eggs would have been worth more than the amount of the draft in addition to freight, and demands judgment for the amount of the draft.

The sole question is, whether the description of the articles in the bill of lading was a representation by the carrier that the barrels contained eggs, because if this is the true construction of the instrument, the right of the plaintiffs to recover, is unquestionable. (*Meyer* v. *Peck*, 28 N. Y. 598, and cases cited.)    But we are of opinion that this construction is inadmissible.    Taking the whole instrument together, it imports only that the defend-

ant had received thirty packages described as containing, or purporting to contain, eggs, but the actual contents of which were to the defendant unknown. The opposite view proceeds upon the theory that there is an irreconcilable repugnancy between the written and printed parts of the instrument, or that the words "contents unknown" relate simply to the kind of eggs in the packages. It is no doubt a principle of construction that in case of repugnancy between written and printed clauses of an instrument, the written clauses will prevail over the printed. (*Harper* v. *The Albany Mutual Ins. Co.*, 17 N. Y. 194.) But this is a rule which is only resorted to from necessity, when the printed and written clauses cannot be reconciled, and in that respect is like the rule applied in the construction of wills where two clauses are repugnant and irreconcilable, in which case the first will be rejected, and the subsequent clause will be regarded as indicating the final intention, in the absence of any other clue to the interpretation. (*Van Nostrand* v. *Moore*, 52 N. Y. 12.) But it is the imperative duty of courts to give effect if possible to all the terms of an agreement. The construction is to be made upon a consideration of the whole instrument, and not upon one or more clauses detached from the others; and this principle applies as well to instruments partly printed and partly written, as to those wholly printed, or wholly written. (*Barhydt* v. *Ellis*, 45 N. Y. 107.) Where two clauses, apparently repugnant, may be reconciled by any reasonable construction, as by regarding one as a qualification of the other, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent provisions. Applying these settled rules to the instrument in question, it is, we think, reasonably clear that the defendant did not make any representation as to the contents of the packages. Its agent simply certified in effect that they were described as containing eggs, accompanying this with the statement that the contents were not in fact known. The plaintiffs in making the advances were chargeable with knowledge of the contents of the bill of lading, and must be deemed to have relied upon the assurance of the shipper as to the contents of

the packages.   The claim that the words "contents unknown," referred simply to the kind of eggs, is manifestly untenable.

The question involved in this case has been substantially adjudicated.   In *Haddow* v. *Parry* (3 Taunt. 303), the bill of lading acknowledged " as shipped in good order, six boxes containing $12,000, being marked and numbered as in the margin," etc.   In the margin were copied the marks of the several chests, their number and contents, describing them as containing $12,000 each.   The words "contents unknown," were inserted before the signature of the master.   Lord MANSFIELD said: "If the master qualifies his acknowledgment by the words 'contents unknown,' he acknowledges nothing."   In *Shepherd* v. *Naylor* (5 Gray, 591), the weight in tons, hundreds and pounds of iron shipped, was mentioned in the body of the bill, but the words "weight unknown to," were added before the master's signature, and the court held that the carriers were not concluded by the statement of weight, SHAW, Ch. J., saying: "The words 'weight unknown,' are significant.   It is said, however, that they are repugnant, and therefore to be rejected.   But that is not the necessary construction; they may be used to modify and control the admission of weight."   In *Jessel* v. *Bath* (L. R., 2 Exch. 267), the plaintiff was assignee for value of a bill of lading for goods shipped on defendant's vessel.   The bill acknowledged " as shipped in good order, etc., thirty-four thousand four hundred and sixty kilogrammes mineral in bulk, being marked and numbered as per margin, and to be delivered," etc., and printed before the signature were the words, "weight, contents and value unknown."   The vessel delivered seven tons, twelve hundred weight less than the amount stated in the bill, and the suit was for the non-delivery of the residue.   The case was decided on the construction of an English statute, but KELLY, C. B., said: "The written part of the bill is not entirely inconsistent with the printed.   The whole may be reasonably and fairly read as meaning that a quantity of manganese, had been received on board, appearing to amount to thirty-three tons, but that the person signing the bill would not be liable for any deficiency,

inasmuch as he had not in fact ascertained, and therefore did not know the true weight." (See, also, *Vaughn* v. *Six Hundred Casks of Sherry Wine*, 7 Ben. 506 ; *Clark* v. *Barnwell*, 12 How. [U. S.] 282 ; *The Columbo*, 3 Blatchf. 521.)

The question in this case, relating as it does to the construction of a commercial instrument in general use, is of considerable practical importance.    It seems to us that the decision below does not give due weight to the rule which requires the construction of a contract to be made upon a consideration of all its parts, and that if possible no clause shall be rejected.    The volume and methods of the business of transportation by railroads and transportation lines, render it practically impossible in most cases for the carrier to ascertain by examination, the contents of packages received for carriage, and when he qualifies his receipt as in this case, we know of no reason why parties dealing upon bills of lading so qualified, shall not be held to notice of the qualification.

The judgment of the General Term should be reversed, and the order of the Special Term affirmed, with costs.

All concur, except TRACY, J., absent.

Judgment reversed and order affirmed.