# Louisville & Nashville Railroad Co. v. Gerson & Sons.

*Action against a Railroad Company to recover Damages for Negligent Injury of an Animal while being shipped over its Road.*

1. *Action against a common carrier; complaint must aver that defendant is a common carrier.*—In order to recover against a common carrier, as such, for failure to deliver in safety property transported over its road under a contract, express or implied, the complaint must aver that the defendant is a common carrier.

2. *Same; when carrier liable for only gross negligence.*—Where freight is delivered to a carrier, is accepted by it, and is transported according to directions, without payment or promise of a reward, the carrier is liable only for damages caused by its gross negligence.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN R. TYSON.

The plaintiffs, Gerson & Sons, brought this suit before a justice of the peace against the Louisville & Nashville

R. R. Co., to recover for negligent injury of an animal. The whole of the complaint is : "A. Gerson, Samuel Gerson and Nathan Gerson, partners under the firm name of A. Gerson & Sons, claim of the L. & N. R. R. Co., a corporation, fifty dollars damages, for the negligent injury by the defendant of an iron gray mare, on or about the last of October, 1890, the property of plaintiffs, which the defendant refuses, on demand, to pay." Judgment was rendered against the defendant by the justice, and the case was transferred, by the appeal of defendant, to the circuit court of Montgomery county. The cause was tried anew in the circuit court, so far as appears, upon issue joined on the original complaint before the justice, and judgment was rendered against the defendant for $35.

The evidence tends to show, that one Levy had shipped a car load of stock, including the animal alleged to have been injured, from St. Louis to the plaintiffs in Montgomery ; that one of the animals, a gray mare, was received in an injured condition ; that she was put by plaintiffs, on arrival, in the care of a veterinary surgeon, who testified that the injury consisted of a gash in the animal's forehead ; that the skull was punctured and torn, and he took out several pieces of bone ; that the wound appeared to have been made by a nail or some sharp instrument ; that it left a scar in the forehead and disfigured the animal, but beyond this did her no permanent injury ; that he did not think it possible that the wound could have been made by the animal striking her head against the side or top of the car, or against any bolt inside of it, nor by a kick from the other horses or mules in the car. It was further shown by the plaintiff that the mare, on arrival at Montgomery, was driven to the defendant's stock pen, and on her arrival there, she had a gash in her forehead. Besides an estimate of the damage done the animal by the wound, the foregoing was the only proof offered by plaintiffs.

The defendant proved by one Neill, that he was in charge of defendant's stock pen at Birmingham ; that the stock was brought to the latter place in W. P. car, No. 19,489, unloaded at 12 o'clock November 4, 1890, reloaded on same car, at 6 o'clock, P. M., of same day ; that the stock appeared to be in good order and condition, and he saw no injury whatever to any of the ani-

mals ; that he was familiar with stock shipments and the cars used for that purpose, and that the car in which this stock was shipped was an ordinary stock car, built for the purpose of shipping stock, and that it was, in his judgment, suitable for that purpose. He did not examine the inside of the car.

The conductor in charge of the train which brought this car from Birmingham to Montgomery, testified that he left Birmingham, November 4, 1890, at 6 :35 P. M., and arrived at Montgomery at 2 :20 A. M., on November 5th, 1890 ; that this was about the usual time it took to make the trip ; that he was familiar with cars used in shipping stock, and that the one in question was a proper and suitable one for the purpose ; that there were no unusual incidents on the route, no unusual jerks, jars, jolts or any rough handling ; that the track was in good condition, and the train was manned by the usual number of brakemen ; that whenever the train stopped, with the aid of the light from a lantern, he examined the car to see if any of the animals were down. and that he noticed no trouble or disturbance among them, at any time.

The man in charge of defendant's stock pen in Montgomery, testified that he received the said W. P. car, No. 19,489, containing the animals, on the morning of November 5th, at about 3 o'clock A. M., and unloaded the stock from it ; that he noticed a gray mare from the car had a gash in her head, and he made a note of it ; that going inside of the car to look for the cause of the injury, he examined it with the aid of a lantern, and discovered no nails or projections in the car; that it was put together with bolts which projected a short distance inside and were fastened by washers and nuts ; that he was familiar with stock cars, and the business of shipping stock, and the car in question was, in his judgment, a proper one for stock shipments ; that it was an ordinary stock car, such as was commonly in use on railroads ; that the bolts and nuts did not project farther into the inside than they did in other cars ordinarily in use, and he did not know, whether the injury to the mare could have been caused by her striking her head against the bolts and nuts in the car or not.

The defendant requested the court in writing to charge the jury, among other things, that if they believed the

evidence they must find for defendant, which charge the court refused to give, and the defendant excepted.

The defendant prosecutes the present appeal, and assigns as error the refusal to give the several charges requested by it.

CHARLES P. JONES and J. B JONES, for appellant.

LOMAX & LIGON, *contra*, cited *Western Railway Co. v. Harwell*, 91 Ala. 340; *Railroad Co. v. Johnston*, 75 Ala. 596; *Railroad Co. v. Henlein*, 52 Ala. 606; 3 Brick. Dig. 114, § 118 *et seq.*

HARALSON, J.—This is not an action against the defendant corporation as a common carrier, for a failure to deliver the animal to the consignee in safety, free from injury to it in its transportation. The defendant is not referred to at all in the complaint as a carrier, common or private. All carriers without hire may be said to be private carriers. Compensation in some form, either by the payment of its price, or a promise express or implied to pay it, is essential to constitute a common carrier. If one undertakes to carry goods for another *gratuitously*, he is a mere mandatory, and liable only for gross negligence. It is not necessary, however, that there should be an express contract with a railroad company, or any other common carrier, for the transportation of freight, to render it liable for failure to deliver in safety. Proof of delivery of goods, with directions as to their carriage, and of the acceptance of them by the carrier, would give rise to an undertaking on its part, to carry them according to directions. No such implication will be indulged to fix a liability on a private person. Hence, when a common carrier is proceeded against at law on a contract, express or implied, and especially if implied, for a failure to deliver in safety, it should be averred in the complaint, that the carrier is a common carrier.—Hutcheson on Carriers, § § 16, 17, 19, 35, 763; Angell on Carriers, 17–41; Story on Bailments, § 174; *Knox v. Rives, Battle & Co.*, 14 Ala. 257; *Haynie v. Waring & Co.*, 29 Ala. 265; *Central R. R. & B. Co. v. Lamplcy*, 76 Ala. 364; *M. & E. R. R. Co, v. Kolb*, 73 Ala. 396; *Melbourne v. L. & N. R. R. Co.* 88 Ala. 449; 19 Am. & Eng. Encyc. of Law, 903.

In this case, the action is not on a contract, express or implied. It is not averred, even, in the complaint, that the defendant is a common carrier, nor is any fact averred from which it can be implied, that the mare was delivered to defendant to be transported, or that there was a relation of bailment of any kind between the plaintiffs and defendant in respect to the animal. The action is one in case on the naked averment, without stating any of the facts, that the mare was "negligently injured" by defendant. There was no objection in any form, made to the complaint.

The case was tried, as would appear from the evidence introduced on both sides, as though the mare had been transported by defendant as a common carrier, but there was no proof of any contract of affreightment, express or implied, further than that the defendant transported the animal from St. Louis to Montgomery, nor was it shown that any thing was paid or promised to be paid for such a service.

If the suit were against the defendant as a common carrier, on an implied contract, the bare fact of the delivery of the freight to the defendant, its acceptance and transportation according to directions, without proof of any reward paid or promised, or which could be inferred to be promised, would have made it liable for damage to the mare occasioned by its gross negligence. If treated in this light, as the course the trial took indicated the parties were disposed to treat and try it, and as is most favorable to plaintiffs, the evidence, without conflict, is wanting to show any such negligence on the defendant. The plaintiffs failed to establish their case.—*L. & N. R. R. Co. v. Grant et al.*, 99 Ala. 325; *Western Rwy. Co v. Harwell*, 97 Ala. 341.

But, if tried on the complaint made, the plaintiffs have no standing under the evidence in the cause. Without any conflict, it shows that the defendants exercised reasonable and proper care to avoid the injury to the property transported.

The general charge should have been given for the defendant.

Reversed and remanded.