(45 Misc. 421)

### JEAN, GARRISON & CO. v. FLAGG.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CARRIERS—CONDITION OF GOODS—PRESUMPTION.
   An acknowledgment by a carrier of the good condition of merchandise is not to be presumed from the mere delivery of a bill of lading reciting that the goods were "in apparent good condition, except as noted, contents and condition of contents of packages unknown."

2. SAME—NEGLIGENCE—BURDEN OF PROOF.
   The burden on the shipper to prove negligence is not met by showing the delivery of the goods in an injured condition, without proof of the condition when the carrier received them.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jean, Garrison & Co. against Francis F. Flagg, as treasurer of the Merchants' Despatch Transportation Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

G. H. & F. L. Crawford (J. W. Goodwin, of counsel), for appellant.

Dudley R. Horton, for respondent.

FITZGERALD, J. The bill of lading given by carrier to shipper recites that the goods, when received at East St. Louis by the carrier, were "in apparent good order, except as noted, contents and condition of contents of packages unknown." This was no more than a statement that the packages apparently were in good order, and, when taken in connection with the express disavowal of any knowledge of the contents or its condition, cannot be held to mean more than that the external appearance of the packages when shipped was good. It would be unreasonable to hold that an acknowledgment of the good condition of the merchandise was to be presumed from the mere delivery of a bill of lading containing such expressions. Miller v. Hannibal & St. Jo R. R., 90 N. Y. 430,

90 N.Y.S.—19

43 Am. Rep. 179; Roth v. Hamburg-American Packet Co., 59 N.
Y. Super. Ct. 51, 12 N. Y. Supp. 460. The burden was upon the
plaintiff to prove negligence, and as a first step in that direction
it was essential to have shown the condition of the goods at the
place of shipment. The fact of delivery of goods by a carrier to the
consignee at the destination in an injured condition is not enough.
"It must be shown in what condition the carrier received them,
in order to prove an injury in his hands." Smith v. N. Y. Central
R. R., 43 Barb. 225. As there was no evidence offered upon this
subject, we are of opinion plaintiff failed to make out a case, and,
having arrived at that conclusion, it is unnecessary to discuss the
other points raised.

Judgment reversed, and new trial ordered, with costs to appel-
lant to abide the event. All concur.

