E. C. FULLER CO. v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. CARRIERS (§ 132*)—CARRIAGE OF GOODS—INJURY TO GOODS—ACTION FOR IN-
JURY—BURDEN OF PROOF.

In an action by a shipper against a carrier for breakage of goods in
transit, the plaintiff must prove that the goods were delivered in good con-
dition and properly packed for transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 581; Dec. Dig.
§ 132.*]

2. EVIDENCE (§ 540*) — OPINION EVIDENCE — COMPETENCY OF EXPERTS — DUE
CARE.

One who has been engaged for 42 years in the machinery business, for
10 or 15 years in the packing of machinery in railroad cars for transporta-
tion, and who has packed and shipped hundreds of car loads of machinery,
though not familiar with bookbinding machinery, except in a general way,
is competent to testify as to whether such machinery was properly packed
in cars for transportation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2353; Dec. Dig.
§ 540.*]

3. EVIDENCE (§ 242*)—ADMISSIONS.

Admissions and declarations of an agent are not admissible against the
principal, in the absence of proof as to the agent's authority to make them.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 893; Dec. Dig.
§ 242.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the E. C. Fuller Company against the Pennsylvania Rail-
road Company.   From a judgment for plaintiff, defendant appeals.   Re-
versed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
GUY, JJ.

Robinson, Biddle & Ward (Norman B. Beecher and Don A. Adams,
of counsel), for appellant.

James S. Lehmaier (William W. Pellet, of counsel), for respondent.

GUY, J.   This is an appeal by the defendant from a judgment on
a verdict rendered by a jury in favor of plaintiff in an action brought
for breach of an express contract, resulting in damage to machinery,
which was part of a car load delivered by plaintiff to defendant's agent
in Chicago, Ill., for shipment to Brooklyn, N. Y.   The evidence shows
that the goods were packed by plaintiff's employés in a car furnished
by defendant and then delivered to defendant's agent, who sealed the
car, but took no part in the packing of the goods.   Upon the arrival
of the car at its destination in New York the piece of machinery in ques-
tion was found to be damaged, requiring an expenditure by plaintiff
of $183.33, for which action was brought.

It was essential to plaintiff's recovery to prove that the goods, when
delivered by plaintiff, were in good condition and properly packed for
transportation; and the court charged the jury that if they found "that
the goods were not properly packed, and this contributed in any way

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the damages suffered, there can be no recovery." Plaintiff called witnesses who testified to the manner in which the goods were packed and that they were in good condition at the time of delivery to the defendant's agent. The defendant called as an expert witness one McIlgrib, who testified that he had been engaged for 42 years in the machinery business, for 10 or 15 years in the packing of machinery in railroad cars for transportation; that during that time he had packed and shipped hundreds of car loads of machinery; but that he was not familiar with book-binding machinery, except in a general way.

Objection was then made by plaintiff's counsel that the witness was not an expert, the objection sustained, and exception noted by the defendant. "The witness had been qualified as an expert upon the subject-matter under investigation, * * * and he was therefore competent to give an opinion. * *. * No such rule of limitation as that enforced by the court has ever, so far as we are aware, been applied in the case of a person who is qualified to testify as an expert upon the subject under investigation." Scandell v. Columbia Construction Co., 50 App. Div. 512, 64 N. Y. Supp. 232. See, also, Scheider v. Amer. Bridge Co., 78 App. Div. 163, 79 N. Y. Supp. 634. The exclusion of such testimony was prejudicial to defendant, and constituted reversible error.

The trial justice also erred in admitting testimony as to declarations and admissions made by alleged agents of the defendant, without competent proof as to their authority to make such admissions or declarations.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.