HENRY E. SULLIVAN, Appellant, *v.* WILLIAM WILLIAMS, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Carriers — liability of public truckman for loss of goods — appeal.

> A public truckman is an insurer against all losses of goods committed to his care, except those arising from the acts of God, or the public enemy, or public authority, or the shipper, or losses caused by the inherent nature of the goods.
>
> Where during a brief absence of the driver of defendant, a public truckman, his truck, which he had left unguarded, together with its contents, including goods of plaintiff which were being taken to a railroad freight depot, disappeared from in front of the station, the defendant is liable, and a judgment in his favor based upon a finding that the loss of plaintiff's goods was occasioned by some misfortune or accident not within the control of the defendant will be reversed and judgment directed for plaintiff.

APPEAL by plaintiff from a judgment of the City Court of the city of New York dismissing the complaint upon the merits, after trial by the court without a jury.

Levy & Becker (Joseph Levy, of counsel), for appellant.

Schlesinger & Lazaroe (M. A. Schlesinger, of counsel), for respondent.

MULLAN, J. The driver of defendant, a public truckman, carried goods of the plaintiff to a railroad freight depot, left his truck on a line of waiting trucks, and went into the station, where he remained four or five minutes. While away from his truck during that period, the truck, with its contents, including the plain-

Appellate Term, First Department, June, 1919.    [Vol. 107.

tiff's goods, disappeared, presumably by reason of theft. The defense is that there was no proof of negligence. The contract under which defendant did plaintiff's trucking generally, and which covered this particular trucking job, provided that "in the care and disposal of the goods of the company (the plaintiff) the responsibility of the contractor (the defendant) and his servants and agents shall be that of a carrier and bailee for hire." The learned trial justice found that the defendant was a common carrier, but he also found that the loss " was occasioned by some misfortune or accident not within the control of the defendant," and upon this he based his conclusion that the defendant was not liable. We adopt the common carrier finding, but we are unable to adopt the other finding referred to or the conclusion it compelled. The defendant, as a common carrier, was an insurer against all losses except those arising from the acts of God, or the public enemy, or public authority, or the shipper, or losses caused by the inherent nature of the goods. None of these exceptions is present here. Even if the common carrier rule did not apply here, and the defendant were a mere bailee for hire, his failure to guard the truck and its contents would have been sufficient to fasten liability upon him.

Judgment reversed, with costs, and judgment directed for plaintiff, with costs.

GUY and BIJUR, JJ., concur.

Judgment reversed, with costs.