(89 South. 509)

### ATLANTIC COAST LINE R. CO. v. J. S. CARROLL MERCANTILE CO.
#### (4 Div. 915.)

(Supreme Court of Alabama. June 30, 1921.)

1. Carriers ⚷228(5)—Evidence insufficient to show negligence of carrier as to injured animals.

In an action for injuries to animals alleged to have been received between certain points on defendant carrier's line, testimony that the animals looked like they had been knocked down in the car "by a heavy jerk or something" was too vague to be of value, and was obviously the mere conjecture of the witness, and was insufficient to show negligence of the carrier.

2. Evidence ⚷20(2) — Judicially known that trains are operated with jerks.

The courts judicially know that freight trains cannot be operated without frequent jerks and jars, and proof thereof is not alone sufficient to establish negligence as to animals shipped.

---

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Evidence ⟐13—Disposition of mules to kick judicially known.**

The disposition of mules to kick is too well known to be ignored by courts.

**4. Carriers ⟐128(1)—Mere fact that mules got down in car insufficient to show negligence.**

Having regard to the inherent nature and propensity of mules, the mere fact that several individuals of a carload got down in the car and suffered injuries does not authorize a finding of negligence on the part of the carrier; the rule of res ipsa loquitur not applying.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action by the J. S. Carroll Mercantile Company against the Atlantic Coast Line Railroad Company for damages to live stock in transit. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

John R. Tyson, of Montgomery, for appellant.

The court erred in refusing the charges requested by the defendant. 75 Ala. 596, 51 Am. Rep. 489; 91 Ala. 340, 8 South. 649; 97 Ala. 341, 11 South. 781.

John H. Wilkerson, of Troy, for appellee.

Counsel discuss the assignments of error, but without citation of authority.

SOMERVILLE, J. Section 8604a (Interstate Commerce Act, c. B) of U. S. Comp. St. 1918, makes it unlawful for common carriers of interstate shipments—

"to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months: * * * Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition to recovery."

In response to defendant's special pleas averring that this was an interstate shipment and that plaintiff had not filed his claim with defendant within 60 days, as required by the contract of shipment, plaintiff replied that the injuries complained of were due to the negligence of defendant in handling the car of mules between Montgomery and Troy.

In this state of the pleadings, the burden of showing negligence on the part of the carrier having been expressly assumed by plaintiff, that became the sole issue in the case; and it is therefore unnecessary to determine whether a proper construction of the federal act above quoted would so place the burden in this case.

[1, 2] The evidence permits the inference that the injured animals received their injuries between the points mentioned, but we do not discover in the evidence anything which tends to support the charge of negligence on the part of the carrier. The suggestion that the animals looked like they had been knocked down in the car "by a heavy jerk or something" is too vague to be of value, and is obviously the mere conjecture of the witness. There is no evidence of such a jerk, and, if there were, there is nothing to show that it was due to negligence in the operation of the train. We judicially know, as has often been declared, that freight trains cannot be operated without frequent jerks and jars, and proof thereof is not alone sufficient to establish negligence. St. L., etc., R. R. Co. v. Dorman, 205 Ala. 609, 89 South. 70.

[3, 4] Moreover, there is nothing to show that these four or five animals could not have lain down of their own volition, and, while down, have been trampled on or kicked by some of the others. After being on the road for three or four days, a disposition to lie down would seem to be entirely natural, and the disposition of mules to kick is too well known to be ignored by courts. Having regard, therefore, to the inherent nature and propensities of these animals, the mere fact that several individuals of the carload got down in the car, assuming that they did, and suffered the injuries here shown, does not authorize a finding of negligence on the part of the carrier. In short, the rule of res ipsa loquitur cannot be here applied, because the facts here shown—the mere existence of such injuries—does not speak to any definite conclusion as to the mode of injury, or suggest any rational conclusion as to the culpability of the carrier in its causation.

We are constrained to hold that the trial judge was in error in refusing to give for defendant the general affirmative charge as requested, and the judgment will be reversed, and the cause remanded because of that refusal.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.