(121 So. 716)

**LOUISVILLE & N. R. CO. v. BENTON MER-CANTILE CO.   (4 Div. 418.)**

Supreme Court of Alabama.   March 21, 1929.

As Modified on Denial of Rehearing April 18, 1929.

224

Baldwin & Murphy, of Andalusia, for appellee.

ANDERSON, C. J. ▮▮▮ The complaint charges that the injury to the mules was due to the "negligence or misconduct" of the defendant's agents, servants or employés. While negligence and misconduct are not necessarily synonymous terms, we think they were so used in the present complaint. At any rate, the complaint was not subject to any of the grounds of demurrer as argued by appellant's counsel. This court has repeatedly held that negligence may be charged in general terms, and that the quo modo need not be set out. We see no reason why this rule should not also apply to misconduct, as it is no more necessary to set out the acts constituting the misconduct than those constituting the negligence of the defendant's servants. We also think that the complaint sufficiently shows that said servants or agents were acting within the scope of their duty or employment. Whether the terms negligence and misconduct be synonymous or not, and conceding that they are not, that would not render the complaint bad as stating a cause of action, in the same count, for case and assumpsit, as insisted on in brief, as each alternative is in case. The trial court did not err in overruling the defendant's demurrer to the complaint.

▮ The trial court did not err in refusing the general charge requested by the defendant. In addition to the proof of the sound condition of the mules when delivered to the defendant and of injuries to them when delivered at Opp, it was shown that the mules were kept in the car from one to two hours

A. R. Powell, of Andalusia, for appellant.

after reaching Opp, and that there was continuous and very rough switching going on, wherein certain fertilizer cars were suddenly jammed against the stock car. The jury could have reasonably inferred that the mule car could and should have been detached and released before engaging in this rough switching. This proof went beyond that in the case of Atlantic Coast Line R. Co. v. Carroll, 206 Ala. 320, 89 So. 509. It should be observed, however, that upon a second appeal in this case, 210 Ala. 284, 97 So. 904, it was explained that what was said in the first opinion was confined to the issues as made, and the general rule as to the burden of proof was correctly laid down on said second appeal.

■■ This court will take judicial notice of the fact that the defendant is a common carrier, and the trial court did not err in refusing the general charge as for a failure to prove this fact. The case of L. & N. R. Co. v. Gerson, 102 Ala. 409, 14 So. 873, is in nowise in conflict with this holding. It was dealing with the necessity of averring this fact, but did not undertake to hold that the court could not take judicial notice of the fact that the Louisville & Nashville Railroad was a public carrier.

■ The trial court did not commit reversible error in refusing to sustain defendant's motion to exclude the statement of the witness that the train "ran awfully hard." Conceding that this was a conclusion to which the witness could not testify, but which we do not hold, the witness subsequently gave details as to how the switching was made, and showed what he meant by the expression sought to be excluded.

■ Whether the question to the witness, Johnson, a veterinarian, as to what caused the condition of the mules was or was not proper, the defendant was not thereby injured, as the witness answered: "Well I couldn't say, I don't know what was the cause of that blood, it could have been caused from bruises or eating too much nitrogen in the food."

■ If there was error in permitting the introduction of the bill of lading, it was error without injury. The suit is not upon the bill of lading for a failure to deliver or a delay in the delivery, but is for the negligent treatment of the stock before delivery. The shipment was not disputed, and the undisputed evidence shows that the defendant received the stock for a reward, and undertook and did transport the same from Montgomery to Opp.

Counsel complains that the court did not specifically treat defendant's refused charges 4 and 7, and insist that the trial court erred in refusing same.

■ Charge 4, if not otherwise faulty, pretermits the method or manner in which the plaintiff's evidence shows that the switching was done, which was that it was rough, and the stops and jerks were sudden and unusual. The defendant's servants may have done no more switching than was reasonably necessary to deliver the car, yet the switching may have been improperly made, as the plaintiff's evidence tended to show.

■ Charge 7, if not otherwise faulty, says the jury "must be satisfied," when it was only necessary that they be reasonably satisfied, and there was no error in refusing same.

Under the often cited case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, we cannot say that the verdict was so contrary to the great weight of the evidence as to put the trial court in error for refusing to set the same aside.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.