■　　UNEEDA HOME APPLIANCES, INC., Appellant, v. LONG ISLAND RAIL ROAD COMPANY, Respondent, et al., Defendant.— Pursuant to leave granted by this court, plaintiff appeals from so much of an order of the Appellate Term, Second Judicial Department, entered March 11, 1966, as reversed a judgment of the Civil Court of the City of New York, Kings County, entered February 2, 1965, awarding to plaintiff $1,018.65 against defendant, The Long Island Rail Road Company. The order left intact dismissal after trial of the complaint as against defendant, General Electric Company-Hot Point Division, and directed a new trial of the action only as to the defendant railroad with respect to the condition of certain goods at the time of delivery thereof to the initial carrier. Order affirmed, insofar as appealed from, with costs, and judgment absolute directed in favor of defendant railroad in accordance with the stipulation. No opinion. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the order of the Appellate Term and to reinstate the judgment of the Civil Court, with the following memorandum: On August 24, 1962 the Hotpoint Division of the General Electric Company located in Chicago, Illinois, shipped 66 new refrigerators and freezers to the plaintiff on its order. The entire order was consigned to plaintiff by Hotpoint, which packed it on a freight car in Illinois for shipment to the Long Island Rail Road, the receiving carrier. When the order was received, the Long Island Rail Road issued a bill of lading which stated that the property consigned had been received " in apparent good order." When the plaintiff picked up the goods from the receiving carrier some of the crates were creased; the crates were eventually found to contain merchandise which was damaged beyond repair. Plaintiff

brought an action against General Electric and the railroad. The complaint, which alleged alternative theories of liability, was dismissed as to General Electric during the course of the trial on the ground that no prima facie case had been made out as against it. The plaintiff was awarded judgment as against the railroad. The plaintiff took no appeal to the Appellate Term or this court from that part of the judgment which dismissed the complaint as against General Electric. In my opinion, the complaint should not have been dismissed as against General Electric since the theory of alternative liability was applicable. Since the plaintiff was not the *shipper* of the goods *via* consecutive carriers as was the situation in the cases relied upon by the Appellate Term, it did not have the burden of establishing delivery to the carrier in good condition (see *Klugman's Sons* v. *Oceanic Steam Nav. Co.*, 42 F. 2d 461; *Tanbro Fabrics Corp.* v. *Beaunit Mills*, 4 A D 2d 519, 525; *S. & C. Clothing Co.* v. *United States Trucking Corp.*, 216 App. Div. 482, 485–486). In any event, the evidence was sufficient to justify the judgment in favor of the plaintiff against the railroad. The bill of lading showing receipt of the merchandise " in apparent good order " was a prima facie showing that the carrier had in fact received the merchandise in apparent good order and cast upon it the burden of demonstrating the contrary. The holdings in cases such as *Jean Garrison & Co.* v. *Flagg* (45 Misc. 421, 422) are inapposite. In *Jean* a shipper of eggs brought suit against a common carrier whose bill of lading stated that the goods had been received " ' in apparent good order, except as noted, contents and condition of contents of packages unknown.' " This obviously was a reference only to the external appearance of the packages and not an acknowledgment that the contents of the packages were in good order. In this case the bill of lading acknowledged the good external condition of the crates when received by the Long Island Rail Road although some of the crates were creased when received by plaintiff and these same crates were subsequently found to contain damaged merchandise. Such proof created a sufficient prima facie case from which the negligence of the receiving carrier could be inferred. It defies reason and logic in this age of long-distance shipping to require a consignee of goods to prove delivery of merchandise in good external condition to a carrier when that very fact is acknowledged by the carrier in the bill of lading. I would reverse and reinstate the judgment in favor of the plaintiff.