Frederick B. Bryant, J.
In this action the plaintiff seeks recovery of money damages from the terminal or delivering railroad carrier for damages to and loss of property shipped from California to New York State. The plaintiff moves for partial summary judgment establishing the liability of the defendant for damages. The defendant, by cross motion, seeks a dismissal of the complaint for failure to state a cause of action.
The complaint alleges that on August 4, 1967 the plaintiff delivered to the Southern Pacific Railroad Company a house trailer and its contents for shipment to Horseheads, New York. A bill of lading was issued by the receiving carrier. The complaint further alleges that the Lehigh Valley Railroad was the terminal carrier and that the goods arrived at Horseheads on such terminal carrier in a damaged condition, with many items of personal property missing.
At common law a carrier is liable without proof of negligence for all damaged goods transported by it unless it affirmatively shows that such damage was caused by act of Gfod, the public enemy, public authority or the inherent vice or nature of the product. (Secretary of Agric, v. United States, 350 U. S. 162; Whitlock Truck Serv. v. Regal Drilling Co., 333 F. 2d 488; Larry’s Sandwiches v. Pacific Elec. Ry. Co., 318 F. 2d 690.) Therefore, a complaint which alleges that property was received from a common carrier in a damaged condition states all that is necessary to constitute a cause of action. The burden is on defendant to plead any affirmative defense available. The defendant’s motion to dismiss the complaint must therefore be denied.
The plaintiff has attached to his complaint and has submitted ,as evidence on this motion the bill of lading issued by the initial carrier. This bill of lading recites that the described property was received 11 in apparent good order ’ ’ with no exceptions noted. Such bill of lading is deemed prima facie evidence of the good condition of the property when shipped. (Schwalb v. Erie R.R. Co., 161 Misc. 743.) He might well be entitled to partial summary judgment under the common-law presumption that goods delivered to an initial carrier in good condition are in the same good condition when received by the terminal carrier, placing the burden on the terminal carrier to defend the damage claim with affirmative proof. (Remington v. Barrett, 196 App. Div. 838, affd. 235 N. Y. 519; Berkowitz v. Chicago, Milwaukee & St. Paul Ry. Co., 109 App. Div. 879.)
*520 However, the motion for partial summary judgment establishing the liability of the defendant for damages is more properly based on subdivision (11) of section 20 of title 49 of the United States Code. This section, originally known as the C'armak Amendment of 1906, imposed primary liability for property damaged in transit on the initial carrier. Its obvious purpose was to relieve shippers of the burden of searching out the particular carrier responsible for the damage from among the often numerous carriers handling interstate shipments of goods. Subdivision >(12) of section 20 of title 49 gave to the initial carrier who was required to respond in damages for property lost or damaged in transit, a right to recover against the carrier on whose line the loss or damage had been sustained.
In 1927 the foregoing sections were further amended to extend primary liability for loss • or damage to property in transit to the terminal or delivering carrier in addition to the initial carrier. This amendment relieved the consignee of such damaged property from the necessity of suing the shipper or the initial carrier in a remote jurisdiction. By the amendment to subdivision (12) of section 20 of title 49, the terminal carrier was given the same right of recovery against the particular connecting carrier responsible for the loss as was originally given to the initial carrier.
The right of the consignee of goods damaged in transit to recover from the terminal or delivering carrier has been recognized in two New York cases: (Perkel v. Pennsylvania R.R. Co., 148 Misc. 284; Goldberg v. Delaware Lackawana & Western R. R. Co., 180 Misc. 176).
The plaintiff in .this case brings himself squarely within the provisions of subdivision (11) of section 20 of title 49 of the United States Code by the allegations of his complaint. On the motion for partial summary judgment, the plaintiff sets forth that his house trailer and contents were consigned to a carrier in California and received from the defendant in New York in a damaged condition with some of the personal property lost. Nothing has been submitted either to refute these contentions or to raise an issue of fact on the question of liability for the damage, leaving the amount of such damage the only question in dispute.
The plaintiff is entitled to .summary judgment declaring that he is entitled to recover of the defendant for damage to and loss of the property described in his complaint. The amount of such damage should be determined in a plenary trial.