'Stephen Smyk, J.
The plaintiff, International Business Machines Corporation (IBM) purchased two laminar flow boxes for use in its Glendale facility at Endicott, New York. These were separately crated and shipped by the Westinghouse Corporation from its plant in Grand Bapids, Michigan; each weighed about 2,400 pounds.
Defendant, Boadway Express, Inc., transported these large crates by truck from Michigan to Syracuse, New York, where they were transferred to defendant Boot’s Express, Inc., for delivery at Endicott, New York. When received there by IBM both crates covered by heavy plywood and bound with large metal bands were in apparent good condition and showed no visible sign of damage to the outside. Upon being opened, one flow box was found in good order, the other badly damaged and in this action plaintiff seeks $2,100 damages from the two carriers. The amount is not in dispute.
At a nonjury trial the plaintiff produced no evidence that these flow boxes had been properly packed and braced by Westinghouse Corporation but instead relied on the common-law theory of negligence attributable to the carriers alone as well as breach of contract in carriage.
In an action against a carrier to recover damages for loss of goods, the plaintiff has the burden of proving that the loss occurred while the goods were in the carrier’s possession and before delivery to the consignee. (Canfield v. Baltimore & O. R. R. Co., 75 N. Y. 144.) At common law, the only exceptions to the liability of a common carrier for the loss of, or injury to, goods took place where .such loss or injury occurred by an act of God or the public enemy. More recent exceptions have been added, e.g., where the loss or injury is a result of the inherent nature of the property, the act or default of the owner or shipper himself, or the act or mandate of public authority. (7 N. Y. Jur., Carriers, §182, and cases cited therein.) Therefore, a complaint which alleges that the common carrier delivered the goods in a damaged condition is sufficient to state a cause of action. (Miles v. Lehigh Val. R. R. Co., 57 Misc 2d 518, 519.) The mere allegation in the pleading will serve only to bring the action before the court. The plaintiff must do more if he is to succeed in establishing a prima facie case. He must not only show that the goods were received from the carrier in a damaged condition but must also show the actual delivery of the goods to the carrier in good condition. (Remington v. Barrett, 196 App. Div. 838, 840; Stahl Bros. Corp. v. Long Is. R. R. Co., 183 Misc. 486, 487; Fuller Co. v. Pennsylvania R. R. Co., 61 Misc. 599.) This rule of *349 law particularly applies when, the shipper packs, loads and braces the items. It is he who must assume responsibility for concealed defects. (Standard Brands Chem. Ind. v. Pilot Freight Carriers, 65 Misc 2d 1029, 1032; Banner Mfg. Co. v. Long Is. R. R. Co., 277 App. Div. 142; Fuller Co. v. Pennsylvania R. R. Co., supra.) This burden of proof rule applies whether the plaintiff be the shipper or the purchaser. (Orunsten v. New York Cent. R. R. Co., 179 App. Div. 465.) It is well established that a common carrier is not liable for any loss or damage proximately resulting from the act or fault of the shipper or owner, without fault on the carrier’s part. (De Mott v. Palmer, 591 N. Y. S. 2d 163; Sullivan v. Williams, 107 Misc. 511.) The carrier has been relieved from liability where there has been improper packing or loading of the goods by the shipper, or from his neglect to sufficiently identify the goods by properly marking them. (7 N. Y. Jur., Carriers, § 191.)
If a defective packing is apparent at the time of loading, the carrier may be held liable if he then accepts the shipment for transport. (Perkel v. Pennsylvania R. R. Co., 148 Misc. 284.) A carrier is not, however, ordinarily under a duty to inspect the loading done by a shipper other than to note what is plainly to be seen from an external observation. (Lewis v. New York, O. & W. Ry. Co., 210 N. Y. 429.) Where the carrier presents a bill of lading to the shipper indicating that the goods were received in apparent good order, except as noted conditions and contents of the packages are unknown, has been held to mean that the packages were apparently in good order externally and is an express disavowal of the contents or their condition (Miller v. Hannibal & St. Jo. R. R. Co., 90 N. Y. 430; Jean, Garrison & Co. v. Flagg, 45 Misc. 421; Uneeda Home Appliances v. Long Is. R. R. Co., 49 Misc 2d 953). The recital in the bill of lading may not be used by the plaintiff to meet his burden of showing that the goods were delivered to the defendant in a good order where the contents and condition are unknown. Schwalb v. Erie R. R. Co. (161 Misc. 743) can be distinguished since there was no dispute with respect to the identity and the visible contents (grapes) of the packages. So, too, Miles v. Lehigh Val. R. R. Co. (supra) where the court held that a bill of lading reciting that the described property was received “in apparent good order ” with no exceptions noted is deemed prima facie evidence of the good condition of the property when shipped, can be distinguished. The property in Miles consisted of a house trailer which would not have been crated and covered from view.
*350 The plaintiff also advances the theory of breach of contract. It argues that delivery to the carrier in good condition and in proper packaging are conditions precedent to plaintiff’s recovery, which need not be pleaded by plaintiff. Under CPLR 3015 (subd. [a]), the plaintiff suggests that it is necessary for the defendants to plead the denial of these occurrences, and in the absence of such specific and particular denial, the plaintiff is not obligated to prove their existence at trial. We do not agree. Although specificity of pleadings may not be required on the part of the plaintiff, the case law is quite definite as to the burden of proof at trial which it is obligated to meet before a prima facie case is made out. The plaintiff must show above all that the goods were received by the carrier in good condition and free from concealed defects or damages.
By its failure to produce testimony as to the condition of the goods at the time they were packed and crated and delivered to the carrier, the plaintiff has not, as a matter of law and by the preponderance of the evidence, made out a prima facie case so as to recover.
Judgment for defendants.