# Montgomery & Eufaula Railway Company v. Culver.

*Action by Passenger against Common Carrier for Damages for Failure to deliver Baggage.*

1. *Action against common carrier for failure to deliver baggage ; when description of baggage sufficient.*—In an action by a passenger against a common carrier for damages for failure to deliver baggage, a description of the baggage in the complaint as "one trunk," containing designated articles of jewelry and merchandise, and "clothing and personal wearing apparel," is, on demurrer, sufficiently certain.

2. *Same ; what a fatal variance between allegation and proof of contract.*—Where, in an action by a passenger against a corporation operating an intermediate line of railroad, for damages for the failure to deliver baggage, the contract is alleged to have been made with the defendant for the transportation of the baggage to a designated point, which is situate on the last connecting line, to be there delivered to the plaintiff, and the proof .shows that the contract was made with the company operating the first connecting line, and is an agreement on the part of the defendant for the transportation and delivery of the baggage, not to the plaintiff at the point of destination, but to the company operating the last connecting line, there is a variance between the allegations and proof, which is fatal to the right of recovery.

3. *Liability of common carrier for baggage ; extent of ; burden of proof.*—Transportation of baggage, as such, is incidental to the carriage of the owner as a passenger, and for its safe delivery, a common carrier is liable in the same manner, and to the same extent as carriers of merchandise; and if the carrier is both the receiving and delivering carrier, or liable for the safe delivery of baggage at the point of destination, proof that it was in good condition when received, and in damaged condition when delivered, casts on him the burden of showing that the damage was occasioned by some cause exempting from absolute liability for safe delivery.

4. *Railroad companies operating connecting lines ; liability for baggage.* An arrangement, express or implied, between different connecting railroad companies, authorizing the companies operating the terminal roads to issue to passengers through tickets, and through checks for baggage, each being entitled only to the fare for transportation over its own line, does not render one of them liable for loss or damage to baggage sustained on the road of the other; nor does it impose on the intermediate company absolute liability for safe delivery, but merely the duty to receive from the company issuing the tickets and checks, to safely carry over its own road, and to deliver to the other connecting company.

5. *Same ; presumptions as to first company in case of non-delivery and delivery in bad order.*—Where the contract of the receiving company is not for delivery beyond the terminus of its line, but merely to the connecting company, liability in case of non-delivery at the point of desti-

nation, or total loss, is *prima facie* on the receiving company, and on it is cast the burden of showing delivery to the connecting company; but, this presumption does not arise in case of a delivery by the connecting company in bad order. (*S. & N. R. R. Co. v. Wood,* 71 Ala. 215, explained and modified.)

6. *Same; presumption against delivering company in case of delivery in bad order.*—As against the delivering or discharging company, the presumption prevails, in the absence of evidence, that the baggage continued in the same condition as when delivered to the receiving company, and on it is cast the burden, in case of delivery in a damaged condition, of showing the condition of the baggage when received by it.

7. *Same; presumption as to intermediate company in case of delivery in bad order by delivering company.*—When baggage is delivered in good order by the receiving company to an intermediate company, and by it delivered to the delivering company, proof that it was in a damaged condition when delivered by the latter at point of destination does not operate, in the absence of other evidence, to cast on the intermediate company the burden of showing that it was in good condition when delivered by it to the delivering company.

8. *Same.*—Hence, in an action by a passenger, having a through ticket and a through check for his baggage over three connecting lines of railroad, operated by separate and independent companies, against the intermediate company for damages for failure to deliver his baggage, which had been received by it in good order from the first company, and which was in a damaged condition when delivered by the last company at the point of destination, no special contract or arrangement between the companies being shown, a charge instructing the jury that if the trunk was delivered to, and received by the defendant in good order, and when it was delivered to the plaintiff at the point of destination, it was badly broken, and its contents taken out, it devolved on the defendant to show that it was delivered in good condition to the delivering company, and if it failed to show this, the plaintiff was entitled to recover, is erroneous.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action by E. V. Culver against the Montgomery and Eufaula Railway Company, a domestic corporation, operating a railroad in this State, for the recovery of damages " for the failure to deliver certain goods, viz., one trunk, containing one heavy set gold bracelets, twenty-four pieces of sterling silver teaspoons, twelve pieces [silver] table spoons, twelve pieces of dessert spoons, one full set of Rogers table cutlery, consisting of about fifty pieces, and clothing and personal wearing apparel, and also one fine coral set breastpin; which goods were received by defendant as a common carrier, to be delivered to the plaintiff at Birmingham, Alabama, for a reward, which defendant failed to do." The defendant demurred to the complaint, and also to that part thereof " which is in these words, to-wit, ' and clothing and personal wearing apparel,'" on the ground, in substance, that said clothing and wearing apparel were insufficiently described. The court overruled the demurrer, and thereupon the cause was tried on issue joined on the plea of " not guilty,"

[Montgomery & Eufaula Railway Company v. Culver.]

the trial resulting in a verdict and judgment for the plaintiff. The plaintiff requested the court in writing to charge the jury, *inter alia*, as follows: (2) "That this suit, being on an alleged contract, and not on a failure of duty, the jury must find a verdict for the defendant, unless the contract set forth in the complaint is proven to the satisfaction of the jury." This charge the court refused, and the defendant excepted.

The facts disclosed by the evidence, and the other rulings of the primary court, so far as passed on by this court, are stated in the opinion.

ARRINGTON & GRAHAM, for appellant. (1) The demurrer to the complaint should have been sustained. A more specific description of the clothing and wearing apparel should have been stated.—*Posey v. Hair*, 12 Ala. 567; *Chapman v. Weaver*, 19 Ala. 626. (2) The second charge requested by the defendant should have been given. It asserted nothing more than that the plaintiff must establish his case. The plaintiff had sued on a contract, and it devolved on him to prove it. (3) The burden of proof was on the plaintiff to show that the loss of the contents of the trunk occurred on defendant's road, and not on the defendant to show that the loss did not result from its fault, or on its road. This point elaborately discussed with citation of following authorities: *South & North Ala. R. R. Co. v. Wood*, 71 Ala. 215; *Mobile & Girard R. R. Co. v. Copeland*, 63 Ala. 219; Hutch. on Carriers, §§ 106, 108, 759, 760; *Midland R. R. Co. v. Bromley*, 33 Eng. Law & Eq. 235; *Gilbart v. Dale*, 5 Ad. & Ell. 543; *Griffiths v. Lee*, 1 Car. & P. 110; *Anchor Line v. Dater*, 68 Ill. 369; *Chic. & N. W. R. R. Co. v. Northern Line P. Co.*, 70 Ill. 217; *Chicago, etc., R. R. Co. v. Fahey*, 52 Ill. 81 (4 Am. Rep. 587); *Marquette v. Kirkwood*, 45 Mich. 51; *M. & W. P. R. R. Co. v. Moore*, 51 Ala. 394; *Brintnall v. S. & W. R. R. Co.*, 32 Vt. 676; *Wolff v. Central R. R. Co.*, 68 Ga. (45 Am. Rep. 501) 653; *Ellsworth v. Tartt*, 26 Ala. 733; *Ins. Co. v. R. R. Co.*, 104 U. S. 146; *Irvin v. Nashville, etc., R. R. Co.*, 92 Ill. 103; *Little v. A. G. S. R. R. Co.*, 71 Ala. 611; 1 Greenl. on Ev. § 79; *Woodbury v. Frink*, 14 Ill. 279.

RICE & WILEY, *contra.*—The burden of proof was upon appellant to show that said trunk was delivered to the connecting line of railroad in safe and good condition. If goods are delivered to a common carrier, or its agent, and said goods are not delivered to the shipper, this is *prima facie* evidence of negligence, or misconduct.—*Minne v. I. Cen. R. R. Co.*, 31 Iowa, 533; *Levering v. Union Transp. Co.*, 42 Mo. 88; *Hastings v. Pepper*, 11 Pick. 41; *Peck v. Weeks*, 34 Conn. 152;

*Davidson v. Graham*, 2 Ohio St. 141 ; *Stokes v. Saltonstall,*
13 Pet. 181 ; *Whitesides v. Russell,* 8 Watts & Serg. 44 ; *Van
Winkle v. S. C. R. R. Co.,* 38 Ga. 32. In other words, it is
sufficient to show the loss or damage done, in order to render
the carrier liable ; and the burden of proof is then upon the car-
rier to show that it was occasioned by such cause as will exempt
him from liability.—*Ewart v. Street,* 2 Bailey (S. C.), 161 ; *Tar-
box v. Eastern Steamboat Co.,* 50 Me. 339 ; *Hall v. Cheney,* 36
N. H. 27 ; *King v. Shepherd,* 3 Story, 356 ; *Chapman v. New
Orleans, etc., R. R. Co.,* 21 La. Ann. 224 ; *Turney v. Wilson,*
7 Yerg. (Tenn.) 340 ; *Baltimore R. R. Co. v. Morehead,* 5 W.
Va. 293 ; *Agnew v. Steamer Contra Costa,* 27 Cal. 425. The
injury to appellee's trunk and loss of his goods having occurred
while *en route,* he has no conceivable means of proving in
whose hands said trunk and its contents were at the time of
said injury and loss. The appellee lost all sight of, and control
over the goods when he committed the same to appellant at
Union Springs, Ala., a line of connecting carriers, to be
carried to Birmingham, Ala., his point of destination. "It is,
therefore, perfectly proper to shift the burden of proof on the
carrier who is sued."—9 Am. & Eng. R. R. Cases, pp. 94–6,
and cases cited in the notes thereto.

CLOPTON, J.—We see no error in overruling the demurrer
to the complaint for want of certainty in the description of the
property, which it is alleged the defendant failed to deliver.
It is described as " one trunk " *containing* certain articles, and,
among others, " *clothing and personal wearing apparel.*" The
rule as to certainty in pleadings, as observed by Mr. Stephen,
" is not so strictly construed, but that it sometimes admits the
specification of quality and quantity in a loose and general
way." Accordingly, at common law, a declaration in trover
for " a library of books " has been deemed good without
further description ; and so for " two packs of flax and two
packs of hemp," without specifying weight or quantity.
Stephen on Plead. 298–299. Our own decisions have sus-
tained descriptions equally wanting in details of statement.
*Haynes v. Crutchfield,* 7 Ala. 189 ; *Thompson v. Pearce,* 49
Ala. 210. When specific property is sued for, in an action of
detinue, a somewhat stricter rule of description is admitted to
prevail.—*David v. David,* 66 Ala. 139.

Where the action is brought on a special contract, it is in-
cumbent on the plaintiff to prove the contract, substantially as
alleged. A variance in any material matter of description is
fatal to the right of recovery. The complaint sets out an
agreement by the defendant alone, to transport the goods of
plaintiff to Birmingham, to be there delivered to the plaintiff.

[Montgomery & Eufaula Railway Company v. Culver.]

The contract proved was made with the Mobile and Girard Railroad Company, and is not an agreement by the defendant to transport to Birmingham, but to deliver them to the South and North Alabama Railroad Company. The duty and liability of the defendant under the contract proved are materially variant from its duty and liability under the contract as alleged. Under the complaint, the plaintiff is not entitled to recover on the contract proved.—1 Greenl. on Ev. § 60.

The plaintiff, in April, 1883, procured from the Mobile and Girard Railroad Company through tickets for the transportation of himself and members of his family, and through checks for the transportation of his baggage from Columbus, Georgia, to Birmingham, Alabama, over the respective roads of the Mobile and Girard Railroad Company, of the defendant, and of the South and North Alabama Railroad Company, which were connecting lines, the defendant's being the intermediate road. When the baggage reached Union Springs, the place at which the road of defendant connects with the road of the Mobile and Girard Railroad Company, it was in good condition ; but when it was delivered to the plaintiff at Birmingham, one of the trunks had been broken, and the contents abstracted. On these facts, the court instructed the jury, if the trunk was delivered to and received by the defendant in good order, and when it was delivered to the plaintiff at Birmingham it was badly broken, and its contents taken out, it devolved on the defendant to show that it was delivered in good condition to the South and North Alabama Railroad Company, and, if it failed to show this, the plaintiff is entitled to recover. There was no evidence, other than that the trunk was in good order at Union Springs, showing when or where it was damaged, or what was its condition when delivered by the defendant at Montgomery to the South and North Alabama Railroad Company. The instruction presents the direct question : Where baggage, for the transportation of which over three connecting roads, operated by separate and independent companies, through checks have been issued by one of the terminal roads, is found damaged when delivered at the place of destination by the other terminal road, does the burden of proof, in the absence of any special contract or arrangement between the companies, rest on the intermediate road to show not only a delivery to the connecting terminal road, but also that the baggage was *in good condition when so delivered*, it being shown to have been in good order when received by the intermediate road ?

While the transportation of baggage, as such, is incidental to the carriage of the owner as a passenger, and while the railroad companies are only responsible to passengers for injuries sustained from some neglect or wrong, they are liable for the

safe delivery of their baggage in the same manner and to the same extent as carriers of merchandise.—2 Rorer on R. R'ds. 991. The question will, therefore, have to be determined on the same principles, as if the baggage had been shipped as freight over the connecting roads. If the defendant were both the receiving and delivering carrier, or liable for the safe delivery of the baggage at the point of destination, proof that it was in good condition when received, and in a damaged condition when delivered, would cast on the defendant the *onus* of showing that the damage was occasioned by some cause, which excepts from the absolute liability of safe delivery.

An arrangement, express or implied, between companies operating several roads, by which either terminal road can issue through tickets and through checks for baggage, each being entitled only to the fare for transporting over its own line, does not render each one liable for loss or damage sustained on any of the roads.—*Ellsworth v. Tartt*, 26 Ala. 733. Such arrangement is not operative to impose on the intermediate carrier the absolute liability of safe delivery.—*M. & W. P. R. R. Co. v. Moore*, 51 Ala. 394. An arrangement, such as the one shown by the evidence, imposed on the defendant the duty to receive from the terminal road, safely carry over its own road, and deliver to the other connecting terminal road.—*Insurance Co. v. Railroad Co.*, 104 U. S. 146. The receiving terminal road has no power or authority, in the absence of a special contract, to bind the intermediate road to transport beyond its terminus. When the goods have been safely carried to its terminus, its duty as a carrier ceases, and the duty of forwarding arises.

In England, the courts generally have held that the duty and obligation of the carrier, who first receives, continues through the entire route of transportation. In this country there has existed a diversity of opinion. In *Railroad Co. v. Manufacturing Co.*, 16 Wall. 318, Mr. Justice Davis, while regretting this diversity of opinion as unfortunate for the interests of commerce, says: "But the rule, that holds the carrier only liable to the extent of his own route, and for the safe storage and delivery to the next carrier, is in itself so just and reasonable that we do not hesitate to give it our sanction." In *Lindley v. Railroad Co.* 88 N. C. 547, it was held that, in the absence of explanation as to how or where the loss or damage occurred, or which of the roads on the route is culpable, the receiving carrier must be held responsible for the injury, and that the nondelivery, or delivery in bad condition by the last of the connecting lines, is *prima facie* evidence of default in the receiving carrier. In *Mobile & Girard R. R. Co. v. Copeland*, 63 Ala. 219, it is said: "It must be regarded as settled, that a carrier, though a corporation, chartered by the laws of a par-

ticular State, having a known and defined line of transportation, may contract for the safe carriage and delivery of goods to a point beyond the terminus of his line, within or without the State; and if such a contract is made, all connecting lines stand in the relation of his agents, for whose defaults he is responsible to the owner of the goods;" and it was held that, in such case, it was the known and established duty of the carrier to deliver them at that place, and to the person who has the right to receive them. This rule is conceded, where the contract is for delivery beyond the terminus of the line; but the special agreement in this case was, that the receiving carrier would safely transport the baggage to Union Springs and deliver it in good condition to the defendant, the next connecting road. When this was done, the duty and responsibility of the receiving carrier were at an end. In case of a non-delivery at the point of destination, or a total loss, the liability is *prima facie* on the receiving carrier, and casts on him the *onus* of showing a delivery in good condition to the next connecting road. The expressions in *S. & N. R. R. Co. v. Wood*, 71 Ala. 215, if otherwise understood, are explained and modified as here stated. In case of delivery in bad order by the last carrier, the presumption against the first carrier does not arise.

A different rule applies in the case of the discharging or delivering carrier. From the necessities of trade and commerce, or of successful competition, or from other causes, it has become common to establish long routes of transportation by successive and connecting roads. Under such circumstances, it would generally be difficult and oftentimes impossible, for the owner to show on which road they were injured. One of the roads is certainly responsible; and the last carrier has the means of showing the condition of the goods when received by him. The safety and protection of the commercial and traveling public require the recognition of the presumption, in the absence of evidence, that the goods continued in the same condition as when received by the first carrier, unless it may be exceptional goods of a perishable nature, and casts on the discharging carrier, who delivers them in a damaged condition, the burden of showing their condition when received by him. It has been held in some cases that no such presumption arises, but the rule we approve is ably and elaborately considered and sustained in the following cases: *Laughlin v C. & N. Ry. Co.* 28 Wis. 204; *Smith v. N. Y. Cen. R. R. Co.*, 43 Barb. 225. This presumption harmonizes with the spirit, and promotes the policy of the statute, defining the duty and liability of common carriers in respect to the reception of goods for transportation, and their delivery.—Code of 1876, § 2139.

No case has been cited to our attention, and we have found

none, which clearly and expressly determines the rules of presumption in an action against the intermediate carrier. The case of *Lindley v. R. R. Co.*, 88 N. C., *supra*, has been mentioned as sustaining the rule, that delivery in bad condition by the last of successive lines is *prima facie* evidence of default in the intermediate line ; but an examination of the opinion shows that the defendant, the Richmond and Danville Railroad Company, was managing and operating the road that received the freight, with other connecting roads, under the general name of the Piedmont Air-Line Railway, and was treated and regarded as the first or receiving carrier. There is no question of the liability of an intermediate carrier for a loss or injury occurring on its own road.—*Chi. & R. I. R. R. Co. v. Fahey*, 52 Ill. 81.

Though the intermediate carrier occupies, to some extent, relations different from those of the first and last carriers, the principles applicable to them, and to carriers in general, will serve to elucidate the question we are considering.

When goods are received by a common carrier for transportation, and are lost or damaged while in his custody, the presumption is, that it was occasioned by his default ; but the owner must offer some evidence tending to show a non-delivery or delivery in a damaged condition—in other words, some evidence of the loss or injury while in the custody of the carrier. Proof of the mere reception of goods by a carrier and of their condition when received, without more, does not create the presumption of loss or damage.—*S. & N. Ala. R. R. Co. v. Wood*, 71 Ala. *supra*. We have said that the duty of the intermediate carrier is to transport safely the goods to his terminus, and deliver in the same condition in which they were received to the next connecting line. A delivery, in such case, to the next connecting line is tantamount to, and must be governed by the same rules as a delivery to the consignee, where the goods are to be so delivered at the terminus of the line of the intermediate carrier. Had the contract of the defendant been to transport the baggage to Montgomery, the terminus of the road, to be there delivered to the plaintiff, proof of the reception of the baggage, in good order, by the defendant, and a delivery to the plaintiff in apparently like order, though it were subsequently discovered it had been damaged, would not, without more, cast on defendant the burden of showing it was in good condition when delivered. The plaintiff must introduce some evidence of the damaged condition of the goods *at the time of delivery*. On like principles, when the baggage was delivered by the defendant to, and received by the next connecting road, proof that it was in a damaged condition when delivered by the last carrier does not

operate, in the absence of other evidence, to cast on the intermediate carrier the *onus* of showing that it was in good condition when delivered to the next connecting road.

We have shown that when goods are received in good condition by the first carrier, to be transported by successive and connecting lines, the presumption is, they continue in the same condition until the contrary is made to appear. This presumption is indulged to place a *prima facie* liability on the carrier who delivers the goods in bad order, and who knows their condition when received. To hold that a delivery in bad order by the last carrier raises also the presumption of default in the intermediate carrier, will present the anomaly of two inconsistent legal presumptions—that the same damage was occasioned by the default of the last carrier, and the intermediate carrier, while the goods were in their respective custody at different times.

Were there no evidence of a delivery to the next connecting road by the defendant, who had received the baggage, or evidence that it was in bad order when delivered, the *onus* would be on the defendant to show that the loss or injury was occasioned by some cause which exempted from liability. But it appearing from the evidence that the trunk was delivered by the last carrier to the plaintiff,—thereby making manifest a delivery by the defendant to such carrier,—if the plaintiff would hold the defendant liable for the damage, he must offer some evidence showing the condition of the trunk at the time of delivery by the defendant.

A presumption should be the natural, usual, and probable inference from the facts proved. A duty having been performed, the presumption of deficient performance will not arise from a subsequent event, no direct relation or connection between such event and the act of performance being shown.

It may be said that this rule will operate to force the owner to successive suits against the different carriers. Any rule of presumption may have the same effect. If the instruction of the circuit court were sustained, and the defendant should show the baggage was in good condition when delivered, the plaintiff would be driven to a suit against the last carrier. No rules can be adopted which would avoid such effect, other than to hold each carrier responsible for the damage, without respect to the line on which it occurred, which would violate well settled principles of law. The formation of long routes of transportation by successive roads is in the interest of cheaper transportation, and rapid transit; and if shippers adopt this mode of shipment, they accept its difficulties with its benefits. We have endeavored to formulate the rule applicable to each carrier,

[East Tenn., Va. & Ga. R. R. Co. v. Johnston.]

which best accords with established legal principles—*Darling v. B. & W. R. R. Co.*, 11 Allen, 295.

Reversed and remanded.