(97 South. 904)

## ATLANTIC COAST LINE R. CO. v. J. S. CARROLL MERCANTILE CO.
### (4 Div. 81.)

(Supreme Court of Alabama. Nov. 8, 1923.)

1. Carriers ⬛228(1)—Burden on carrier to show injury from natural propensity of mules without its negligence.

Where action for injury to mules was based on defendant's common-law liability as a common carrier, a showing of injury cast on the carrier the burden of showing that the injuries resulted from propensities of the mules without proximately causative negligence of carrier.

2. Carriers ⬛230(7)—Instruction that carrier liable if injuries to mules was caused by act of employee regardless of negligence prejudicial error.

In action for injuries to mules in transit, where there was evidence that injuries shown were result of propensities of the animals themselves, it was prejudicial error to instruct that, if the injury was caused while in the carrier's possession by some act of an employee while in line of duty, then the carrier would be liable whether such act was negligence or not.

Appeal from Circuit Court, Pike County; Arthur B. Foster, Judge.

Action for damages by J. S. Carroll Mercantile Company against Atlantic Coast Line

Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Defendant objected to the following portion of the court's oral charge:

"But if the injury was caused while in the possession of the defendant, and was caused by some act on the part of an employee of the defendant while in the line of the discharge of his duties, then the defendant would be liable whether that act be negligence or not. It is not a question of negligence so far as the issues in this case are concerned. It is a question of whether or not the injury was caused by some employee of the railroad company—of the engineer for instance, in the manner of handling the car or train, or the conductor or the flagman, or some one else who had charge of it, or was it caused by some natural propensity of the animals themselves? If it was caused by reason of the natural propensity of the animals themselves, why then the defendant would not be liable, but, if the injury to these mules occurred while the mules were on the line of the railroad company coming from Montgomery to Troy or was caused by some act of some employee of the railroad company while in the performance of his duty in handling that car, then there would be a liability on the defendant."

Arrington, & Arrington, of Montgomery, for appellant.

The carrier is not insurer against injury resulting from the inherent nature or propensities of the animals, and without fault of the carrier. Western Ry. v. Harwell, 91 Ala. 340, 8 South. 649; 4 R. C. L. "Carriers," § 461. The trial court erred in charging that defendant would be liable for the injury whether or not negligent. Western Ry. v. Harwell, supra; A. G. S. v. Gewin, 5 Ala. App. 584, 59 South. 553.

John H. Wilkerson, of Troy, for appellee.

At common law the common carrier is liable as an insurer for all loss or injury to goods transported, not occasioned by act of God or the public enemy. Under this rule, defendant does not relieve itself by showing want of negligence on its part, and the burden of showing facts establishing the exception, that the injury was due to the propensities of the animals, is on the carrier. 10 C. J. 107; A. C. L. v. Rice, 169 Ala. 265, 52 South. 918, 29 L. R. A. (N. S.) 1214, Ann. Cas. 1912B, 389; A. G. S. v. Quarles, 145 Ala. 436, 40 South. 120, 5 L. R. A. (N. S.) 1867, 117 Am. St. Rep. 54, 8 Ann. Cas. 308; S. & N. A. v. Henlein, 52 Ala. 606, 23 Am. Rep. 578; 2 Mayfield's Dig. 638; Steele v. Townsend, 37 Ala. 254, 79 Am. Dec. 49.

SOMERVILLE, J. On a former appeal of this case we held that the trial judge erred in refusing to give for defendant the general affirmative charge—this upon the theory that under the pleadings the plaintiff had assumed the burden of proving that the mules shown to have been injured were injured by reason of the negligence of the defendant, or its servants in charge of the train, and that there was no evidence to show such an injury. A. C. L. R. R. Co. v. J. S. Carroll Merc. Co., 206 Ala. 320, 89 South. 509.

On remandment the pleadings were revised, and the cause went to trial on a count based merely on the defendant's common-law liability for injury to 4 mules received by it as a common carrier for delivery to the plaintiff—the only plea being the general issue.

[1] The evidence showed without dispute that 4 mules of the 27 in the car were delivered in a damaged condition—one of them with a broken hip joint, from which she died, and the other three with skinned places or abrasions on the lower parts of their legs, which definitely impaired their selling value.

The law is well settled, and the defendant concedes, that this showing cast upon the defendant carrier the burden of showing, as a condition to its nonliability, that the injuries in question resulted from the nature or propensities of the animals, without proximately causative negligence on the part of the defendant or its servants. S. & N, A. R. R. Co. v. Henlein, 52 Ala. 606, 614, 23 Am. Rep. 578; W. Ry. Co. v. Harwell, 91 Ala. 340, 345, 8 South. 649; E. T. V. & G. R. R. Co. v. Johnston, 75 Ala. 596, 51 Am. Rep. 489; 10 Corp. Jur. 124, § 152.

In 10 Corpus Juris, 122, 123, § 149, it is correctly stated that "if there is loss or injury due to the peculiar nature and propensities of the animals, the carrier is not liable, unless the loss or injury could have been prevented by the exercise of reasonable foresight, vigilance, and care on its part."

[2] We think the evidence in this case tends strongly to support the theory that the injuries shown were the result of the nature and propensities of the animals themselves. But, as the authorities all hold, that would not relieve the defendant of liability, unless it showed also an absence of negligence proximately contributing to the injuries. The question of the defendant's negligence, vel non, was therefore a material factor in the case, and should not have been withdrawn from the jury. The rules of liability as stated in excerpt No. 2 from the oral charge were entirely erroneous, and that error was necessarily prejudicial to the defendant.

For that error the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.