(104 So. 413)

**ATLANTIC COAST LINE R. CO. v. J. S. CARROLL MERCANTILE CO.**
(4 Div. 199.)

(Supreme Court of Alabama. April 23, 1925. Rehearing Denied May 28, 1925.)

1. **Appeal and error** ☞1040(10)—**Failure of complaint, in action for injury to mules in transit, to state place of delivery, held harmless.**

Where complaint, in action for injury to mules while in transit, was in Code form (Code 1923, § 9531, form 15), but failed to state place of delivery of shipment, *held* that, where two trials had been heard, wherein all facts touching place of delivery were disclosed and complaint had been amended only as to amount claimed, ruling on demurrer to complaint as amended could work no injury to defendant.

2. **Carriers** ☞227(3)—**Recovery for breach of carrier's contractual obligation at common law or on bill of lading may be had under complaint in Code form based on common-law liability.**

In action for injury to mules in transit, complaint being in Code form (Code 1923, § 9531, form 15), based on common-law liability of carrier, on proper proof, a recovery may be had for breach of contractual obligation of carrier at common law, or on bill of lading.

3. **Carriers** ☞228(5)—**Evidence held to establish contractual relation between plaintiffs suing for injury to mules and defendant carrier.**

In action for injury to mules in transit, based on carrier's common-law liability, evidence that car of mules was received by defendant from connecting carrier for transportation to point of delivery, and freight and feed bills showed plaintiff to have been consignee and that delivery was actually made to it, *held* to sufficiently establish contractual relation between parties.

4. **Carriers** ☞227(3)—**Fact that bill of lading named another than plaintiff as consignee, and different destination, not fatal variance in action on carrier's common-law liability.**

In action for injury to mules while in transit, based on defendant's common-law liability as common carrier, fact that bill of lading named another than plaintiff as consignee, and a place other than point of delivery as destination, did not show a fatal variance, and bill of lading, as part of named consignee's deposition, was admissible for purpose of identification.

5. **Carriers** ☞230(4)—**Evidence held sufficient to go to jury.**

In action for injury to mules while in transit, based on defendant's common-law liability as common carrier, evidence *held* to make case for jury.

Appeal from Circuit Court, Pike County; A. G. Seay, Special Judge.

Suit for damages for injury to live stock in transit by the J. S. Carroll Mercantile Company against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Arrington & Arrington, of Montgomery, for appellant.

The complaint alleged a contract to deliver to plaintiff. The bill of lading showed a contract to deliver to Middleton, at St. Louis. This was a material variance. The bill of lading was erroneously admitted. L. & N. v. Sarris & Collias, 209 Ala. 217, 95 So. 903; Testimony by Middleton that he delivered the mules to the Wabash for transportation to plaintiff varied the terms of the bill of lading. Tallassee Falls Mfg. Co. v. W. of A., 117 Ala. 520, 23 So. 139, 67 Am. St. Rep. 179; Sou. Ry. v. Langley, 184 Ala. 524, 63

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 212 Ala. 435.

So. 545. Defendant was due the affirmative charge. A. C. L. v. J. S. Carroll Mer. Co., 210 Ala. 284, 97 So. 904; West Ry. v. Harwell, 91 Ala. 340, 8 So. 649; Cooper v. Ga. Pac., 92 Ala. 330, 9 So. 159, 25 Am. St. Rep. 59; L. & N. v. Jones, 100 Ala. 265, 14 So. 114; L. & N. v. Lynne, 196 Ala. 21, 71 So. 338; C. of G. R. Co. v. Dotham Mule Co., 159 Ala. 225, 49 So. 243; A. G. S. v. Gewin, 5 Ala. App. 584, 59 So. 553; Steele v. Townsend, 37 Ala. 247, 79 Am. Dec. 49; 4 R. C. L. "Carriers," § 461; 10 C. J. 379.

Wilkerson & Brannen, of Troy, for appellee.

The burden was upon defendant to trace injury to the negligence of the shipper or to an exception with which its negligence did not concur. A. C. L. v. Rice, 169 Ala. 269, 52 So. 918, 29 L. R. A. (N. S.) 214, Ann. Cas. 1912B, 389; Central R. & B. Co. v. Smitha, 85 Ala. 47, 4 So. 708.

BOULDIN, J. This is an action against a common carrier for injuries to four mules while in transit. This is the third appeal. For former decisions, see 206 Ala. 320, 89 So. 509, and 210 Ala. 284, 97 So. 904.

[1] The complaint is·in Code form (Code of 1923, § 9531, form 15), except it fails to state the place of delivery of the shipment. This is a material allegation to properly apprise the carrier of a fact needful to the preparation of its defense.

In this case, however, the same complaint, amended only as to amount claimed, had been on file from the beginning of the suit. Two trials had been heard wherein all the facts touching the place of delivery were disclosed. The ruling on demurrer to the complaint. as thus amended, could work no injury to the defendant.

This Code form of complaint is in terms based upon the common-law liability of a common carrier. By virtue of the statute it is made to cover shipments by bill of lading having special limitations.

[2] On proper proof a recovery may be had for breach of the contractual obligation of the carrier at common law, or upon a bill of lading. Atlantic Coast Line R. R. Co. v. J. S. Carroll Mercantile Co., 210 Ala. 284, 97 So. 904; Southern Ry. Co. v. Webb, 143 Ala. 304, 39 So. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97; L. & N. R. R. Co. v. Landers, 135 Ala. 504, 33 So. 482; N. C. & St. L. Ry.

Co. v. Parker & Co., 123 Ala. 683, 27 So. 323.

[3-5] The evidence, without conflict, showed the car of mules was received by defendant from the Louisville & Nashville Railroad Company, a connecting carrier, at Montgomery, Ala., and was transported to the point of delivery at Troy, Ala. The freight and feed bills show plaintiff to have been the consignee, and delivery was actually made to it. This sufficiently established the contractual relation between the parties. The bill of lading issued by Wabash Railroad, the initial carrier, at Mexico City, Mo., to Middleton, the agent of plaintiff, in connection with his deposition, tended to identify the shipment as the same car loaded by Middleton, sealed and finally delivered at Troy, Ala. The fact that Middleton was named as consignee and St. Louis as the destination in the bill of lading did not show a fatal variance. Plaintiff was entitled to recover on common-law grounds, and the bill of lading, as part of Middleton's deposition, was admissible for purposes of identification. As held on last appeal, 210 Ala. 284, 97 So. 904, the burden of proof was on defendant to acquit itself of negligence causing the injuries to the mules. The evidence on the last trial was in substance the same as on the second trial, with the addition of one item of evidence for defendant. This was the report of a caretaker at Baylis Station on the Louisville & Nashville Railroad showing "one lame" in the car at that point. This report might justify an inference that it was the same mule whose thigh was broken on arrival at Troy, but it is only an inference which the jury might or might not draw from all the circumstances. No description of the mule, extent of lameness, nor in what leg it appeared, was given. The condition of the mule on arrival at Troy, the failure to discover it on receiving the car at Montgomery, the fresh abrasions, and injuries to other mules in·the car on arrival, made a case for the jury, as held on former appeal. The jury were not bound to infer that three mules were skinned up after being unloaded and while being driven a quarter of a mile through the streets of Troy. There was no error in refusal of the affirmative charge to defendant.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.