(114 So. 680)
**LYNN v. MELLON, Director General.**
(8 Div. 969.)

Supreme Court of Alabama.   Nov. 10, 1927.

Rehearing Denied Dec. 22, 1927.

I. **Railroads ☞5½ (20)—Suit against Director General for injuries occurring in operation of two carriers must proceed as if against two carriers.**

Suit against Director General of Railroads for injuries occurring to shipment of mules in operation of intermediate carrier and delivering carrier, while in fact one against government by its consent, must proceed as if against the two companies, each being deemed a separate entity in such action, and liability must be fixed among the several connecting carriers as though government was not a party.

2. **Appeal and error ☞15—Where original judgment was in favor of one carrier and against the other, and new trial was granted as to latter, in suit against Director General, entire. matter could be reviewed on one appeal.**

In suit against Director General for injuries occurring in shipment of mules in operation of intermediate carrier and delivering carrier, where original judgment was in favor of one carrier and against the other, and a new trial was granted as to latter, entire matter could be reviewed on one appeal.

3. **Costs ☞241—Supreme Court has power to apportion costs as justice may appear.**

Supreme Court has full power to apportion costs as justice may appear, no matter what the decision.

4. **Appeal and error ☞110—Appeal lies from order granting new trial.**

An appeal lies from an order granting a motion for a new trial.

5. **United States ☞125(1)—Right to sue federal government can be exercised only in cases, subject to conditions, and in manner prescribed by law.**

Right to sue federal government can be exercised only in the cases subject to conditions, and in the manner prescribed by law.

6. **Railroads ☞5½ (24)—Defect in naming government agent as party defendant in suit for damages to shipment during federal control was amendable (Transportation Act, § 206 [49 USCA § 74]).**

Defect in naming defendant in suit to recover damages for injury to shipment occurring during period of federal control of railroads as United States Director of Railways, and as federal Agent liquidating claims, etc., instead of Director General of Railroads, provided for in Transportation Act, § 206 (49 USCA § 74; U. S. Comp. St. § 10071¼cc), was in nature of misnomer, and was amendable.

7. **Railroads ☞5½ (25)—Where Director General of Railroads appeared and proceeded to trial on merits, government was in court and court had jurisdiction.**

In suit for damages to shipment occurring during period of federal control of railroads, where there was defect in naming Director General of Railroads as defendant, but he appeared by authorized counsel, and pleaded and proceeded to trial on the merits, it could not be said that government had not been in court, or that court did not have jurisdiction, in view of liberal policy manifested in Federal Control Act (U. S. Comp. St. §§ 3115¾a–3115¾p), authorizing suit as though there was no federal control, and careful provision for continued prosecution of pending causes after federal control had ended indicates intent to recognize same rules of law in matters of jurisdiction and procedure as obtain in litigation between private persons.

**8. New trial** ⊙⇒70—**Granting new trial could not be sustained for failure of proof that shipment allegedly damaged was handled by defendant as intermediate carrier.**

In suit for injury to shipment of mules, granting of motion for new trial could not be sustained on ground of entire failure of proof that shipment was handled by defendant as an intermediate carrier, where there was evidence that cars were seen on defendant's tracks before movement over connecting carrier and waybills showed cars moved on waybills of defendant carrier.

**9. Carriers** ⊙⇒177(4)—**Intermediate carrier of interstate shipment is not liable on through bill of lading for all injuries occurring en route (Cummings-Carmack Amendment [49 USCA § 20]).**

Under Cummings-Carmack Amendment (49 USCA § 20; U. S. Comp. St. §§ 8592, 8604a, 8604aa), an intermediate carrier of an interstate shipment is not liable on through bill of lading for all injuries occurring en route, including those occurring while being handled by connecting carriers.

**10. Carriers** ⊙⇒180(2)—**Stipulation limiting liability to injuries occurring on carrier's own line in interstate shipment is valid (Cummings-Carmack Amendment [49 USCA § 20]).**

Under Cummings-Carmack Amendment (49 USCA § 20; U. S. Comp. St. §§ 8592, 8604a, 8604aa), stipulation of intermediate carrier limiting liability to injuries occurring on its own line in interstate shipment was valid.

**11. Carriers** ⊙⇒177(1)—**Without special contract imposing joint liability, each carrier in interstate shipment is liable severally for nonperformance of its own duty only (Cummings-Carmack Amendment [49 USCA § 20]).**

Under Cummings-Carmack Amendment (49 USCA § 20; U. S. Comp. St. §§ 8592, 8604a, 8604aa), without special contract or relation of carriers imposing joint liability, each carrier is liable severally for nonperformance of its own duty only.

**12. Carriers** ⊙⇒177(4)—**Statute imposing liability on initial carrier throughout does not extend to connecting carriers (Cummings-Carmack Amendment [49 USCA § 20]).**

Cummings-Carmack Amendment (49 USCA § 20; U. S. Comp. St. §§ 8592, 8604a, 8604aa), imposing liability on initial carrier throughout, does not extend to connecting carriers, but as to these liability remains as before.

**13. Carriers** ⊙⇒230(11)—**Instruction that, if mules were received by initial carrier in good condition and arrived in bad condition, burden was on intermediate carrier to show that mules were not injured in its possession, held erroneous.**

Instruction that, if mules were in good condition when delivered to initial carrier, and were in bad condition when delivered at destination by delivering carrier, burden shifted to intermediate carrier to show that they were not injured while in its possession, *held* erroneous,

since this statement of law is applicable only to terminal or delivering carrier, and not to intermediate carrier.

**14. Appeal and error** ⊙⇒854(6)—**Ruling granting new trial will be sustained, where result is correct, even if it was granted on mistaken ground.**

Where court granted motion for new trial in general terms, it will be referred to ground sustaining ruling, and, even if it was granted on mistaken ground, it will be sustained, where result is correct.

**15. New trial** ⊙⇒40(4)—**Exception to excerpts of charge "separately and severally" held sufficient to present error.**

Where several excerpts from oral charge were excepted to "separately and severally," this was not an exception to all of them in bulk, and contention that new trial could not be granted for want of proper exception could not be sustained.

**16. Carriers** ⊙⇒230(6)—**Liability of intermediate carrier and of delivering carrier for injuries to mules in shipment held for jury.**

In suit for damages for injuries to shipment of mules over connecting carriers during period of federal control of railroads, liability of intermediate carrier and of delivering carrier and extent of same were questions for jury.

**17. Carriers** ⊙⇒219(5)—**Injuries resulting from negligence of intermediate carrier leading proximately to death of mules after unloading by delivering carrier would be referable to intermediate carrier.**

Injuries, if any, resulting from negligence of intermediate carrier leading proximately to death of mules shipped, after unloading by delivering carrier, would be referable to operation of intermediate carrier.

**18. Carriers** ⊙⇒219(5)—**If mules were injured by intermediate carrier and there were further injuries, or injuries were accentuated by delivering carrier, latter would be liable for additional injuries.**

If further injuries to mules in shipment occurring during federal control of railroads resulted proximately from negligence of delivering carrier after mules had been injured by intermediate carrier, including accentuation of injuries already begun, such additional injury would be referred to operation of delivering carrier.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by W. E. Lynn against Andrew W. Mellon, as Director General of the United States Railroad Administration. From the judgment, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed in part, and in part reversed and remanded.

E. W. Godbey, of Decatur, for appellant.

The Director General may be sued with respect to more than one rail line; this is only

one case. Watson v. Birmingham Belt R. Co., 209 Ala. 413, 96 So. 257; Globe, etc., Co. v. Hines, 257 U. S. 643, 42 S. Ct. 54, 66 L. Ed. 413. The court may consider two judgments in one case founded on one cause of action, on one appeal. Phenix Ins. Co. v. Jacobs, 23 Ind. App. 509, 55 N. E. 779; Waters-Pierce Oil Co. v. Van Elderen (C. C. A.) 137 F. 557; Metropolitan Co. v. F. & M. Bank, 89 Tex. 329, 34 S. W. 736. Defendant was properly styled. Wright v. Davis, 185 N. C. 354, 117 S. E. 347; Davis v. Dawkins, 209 Ala. 45, 95 So. 188. His title is not jurisdictional and may be supplied by judicial knowledge. Dougherty v. Payne (C. C. A.) 291 F. 60; Davis v. Dawkins, supra. The evidence showed the mules were received in good condition at Memphis and that they were in bad condition at Decatur. This entitled plaintiff to the affirmative charge; the negligence of the defendant being presumed. Southern R. Co. v. White Co., 207 Ala. 520, 93 So. 395; C. of G. v. Dothan Mule Co., 159 Ala. 225, 49 So. 243; American Co. v. Lambert, 207 Ala. 392, 92 So. 780; McMahen v. L. & N., 21 Ala. App. 66, 106 So. 56; A. C. L. v. Carroll, 210 Ala. 284, 97 So. 904. The property having been found damaged to some extent on the intermediate (Southern Railway) line, the presumption obtains that the damage was occasioned by that line. St. Louis, etc., v. Renfroe, 82 Ark. 143, 100 S. W. 889, 10 L. R. A. (N. S.) 317, 118 Am. St. Rep. 58; Morgantown, etc., Co. v. Ohio, etc., Co., 61 Am. St. Rep. 679; S. F. & W. v. Harris, 26 Fla. 148, 7 So. 544, 23 Am. St. Rep. 551. The Director General was liable with respect to the Southern Railway, receiving the property for transportation, for all damages subsequently occasioned, regardless of the particular line on which the damage was sustained. St. Louis, etc., v. Ray (Tex. Civ. App.) 127 S. W. 282; A. C. L. v. Riversdale Mills, 219 U. S. 186;[1] St. Louis, etc., v. Frazar, 43 Tex. Civ. App. 585, 97 S. W. 325. The Director General is liable in his joint capacities. Chicago, etc., v. Whitnack, 258 U. S. 372, 42 S. Ct. 328, 66 L. Ed. 665. The necessity of ascribing the Director General's derelictions to a particular line is merely to afford him notice as to the particular line against which he is to defend. Davis v. Donovan, 265 U. S. 264, 44 S. Ct. 513, 68 L. Ed. 1008. It was improper to grant a new trial based on one general exception to several distinct paragraphs of the oral charge, one at least of which was proper, even though the exception was reserved separately and severally. Rarden v. Cunningham, 136 Ala. 263, 34 So. 26; Smith v. State, 130 Ala. 95, 30 So. 432; Marbury Lbr. Co. v. Lamont, 169 Ala. 33, 53 So. 773.

S. A. Lynne, of Decatur, Eyster & Eyster, of Albany, and Steiner, Crum & Weil, of Montgomery, for appellee.

Two separate judgments cannot be brought up for review by one appeal. Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73

[1] 31 S. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7.

So. 509; Ballou v. Chicago, etc., 53 Wis. 150, 10 N. W. 87; Cauley v. Pittsburg, etc., 95 Pa. 398, 40 Am. Rep. 664; Cameron v. State, 87 Tex. 246, 28 S. W. 272; Kelly v. Deegan, 111 Ala. 152, 20 So. 378; Scranton v. Ballard, 64 Ala. 402; L. & N. v. Summers (C. C. A.) 125 F. 719. The suit is not brought in accordance with the act of Congress. Vassua v. Northern Pac., 69 Mont. 305, 221 P. 1069; Tutsch v. Director Gen., 52 Cal. App. 650, 199 P. 861; Davis v. Griffith, 103 Okl. 137, 229 P. 499. The Carmack Amendment dealt only with the common-law liability of the initial carrier, leaving unaffected the relation of all connecting carriers to the shipper or consignee and to each other. Oregon-Wash. R. Co. v. McGinn, 258 U. S. 409, 42 S. Ct. 332, 66 L. Ed. 689. Proof that the mules were in damaged condition when delivered does not operate to cast on the intermediate carrier the burden of showing the injury did not occur while being handled by it. Montgomery & E. R. Co. v. Culver, 75 Ala. 587, 51 Am. Rep. 483. There was no liability against the Louisville & Nashville line. Oregon-Washington R. Co. v. McGinn, supra; C. & N. W. v. Whitnack, 258 U. S. 369, 42 S. Ct. 328, 66 L. Ed. 665; Southern Exp. Co. v. Saks, 160 Ala. 624, 49 So. 392.

BOULDIN, J. The suit is to recover damages for injury to a shipment of two carloads of mules on through bills of lading from Plainview, Tex., to Hartselle, Ala. The transaction occurred in 1918 during the period of federal control of railroads. As amended, the action proceeded against Andrew W. Mellon, as Director General, etc., for injuries occurring in operation of the Southern Railway, an intermediate carrier, and the Louisville & Nashville Railroad, the delivering carrier. The affirmative charge was given for defendant as against liability for injury in transportation over the Louisville & Nashville Railroad, and there was a verdict and judgment for plaintiff, shipper, for injuries in operation of the Southern Railway.

A new trial was granted on motion of defendant directed against the judgment for plaintiff.

Plaintiff appeals and assigns for error, among others, the order granting a new trial and the giving of the affirmative charge as to the Louisville & Nashville Railroad.

Appellee moves to dismiss the appeal upon the ground, among others, that the original judgment in favor of the Louisville & Nashville Railroad and the order granting a new trial on motion of the Southern Railway are two separate and distinct judgments.

[1] While the suit, in effect one against the government by its consent, must proceed against the one agent of the government named by law for the purpose, the breach complained of must specify the railway

system whereon the injury occurred and the proof conform thereto. To all intents the suit proceeds as if against the two companies. Each is deemed a separate entity in such action. Liability must be fixed among the several connecting carriers as though the government was not a party. Davis v. Donovan, 265 U. S. 257, 44 S. Ct. 513, 68 L. Ed. 1008.

Yet, dealing with the case on appeal as one against two separate corporate defendants, it is one suit based on one shipping contract relating to the same shipment, each liable severally for nonperformance of its duty under the common contract.

[2-4] The trial resulted in one judgment, holding one carrier liable and the other not, an entirely permissible result. True, such judgment is dual in character, in favor of the one and against the other. The motion for a new trial and order granting the same in favor of the losing defendant was dealing with one phase of this judgment. The subject-matter of the motion was this judgment, and determined the status of the parties as to the entire suit. We do not concur with appellee in the view that the original judgment and the order granting a new trial were such separate, distinct judgments that they may not be reviewed on one appeal. No reason occurs to us why in such case there must be two distinct appeals with the consequent delay and extra cost. This court has full power to apportion costs as justice may appear; no matter what the decision. If judgment had gone for or against both defendants, clearly our statutes would have authorized a review of the judgment denying a motion for a new trial, either upon appeal from the main judgment or on appeal from the ruling on the motion. If the motion is granted, an appeal lies from that ruling. Because the original judgment was in favor of one and against the other, and a new trial granted as to the latter, cannot, we think, prevent a review of the entire matter on one appeal.

[5] Another ground of the motion to dismiss the appeal proceeds upon the view that the judgment is a nullity, and will not support an appeal, because the defendant named was not the agent designated by law to be made party defendant in such actions.

The defendant named in the original complaint was "Walker D. Hines, as United States Director of Railways." Pending the suit, "James C. Davis, as Director General of Railroads and federal Agent liquidating claims growing out of government operation," was substituted as defendant. On the trial, as appears from the judgment, "Andrew W. Mellon, as Director General of the United States Railroad Administration," as successor, etc., was substituted.

The proper official title is "Director General of Railroads." Accordingly, the proclamation of President Coolidge December 14, 1925, designated: "Andrew W. Mellon, Director General of Railroads, and his successor in office, as the Agent provided for in section 206 of said act approved February 28, 1920." For section 206 of Transportation Act see Fed. Stat. Ann. Sup. 1920, p. 77 (49 USCA § 74; U. S. Comp. St. § 10071¼ CC).

True, the right to sue the federal government can be exercised only in the cases subject to the conditions, and in the manner prescribed by law.

While the title or name under which the government gave consent to be sued is not given with exactness, it is clearly manifest the title employed from time to time sought to designate or describe the Agent named by law. Some descriptive matter was mere surplusage.

[6,7] The defect was in the nature of a misnomer, and amendable. After the Director General of Railroads has appeared by duly authorized counsel, pleaded, and proceeded to trial on the merits, we do not concur in the view that the government has never been in court. Whatever errors might have been presented on appeal, had judgment gone against the government, we do not think there was want of jurisdiction. The liberal policy manifested in the Federal Control Act (U. S. Comp. St. §§ 3115¾a–3115¾p) authorizing suit as though there was no federal control, and careful provision for continued prosecution of pending causes after federal control had ended, indicate to us an intent to recognize the same rules of law in matters of jurisdiction and procedure as obtain in litigation between private persons.

The motion to dismiss the appeal is overruled.

[8] Granting of the motion for new trial cannot be sustained, as appellee argues, for entire failure of proof that the shipment was handled by the Southern Railway System as an intermediate carrier.

There was evidence that the cars were seen on the Southern tracks at Decatur before movement over the Louisville & Nashville to Hartselle, and the waybills in evidence show the cars moved from Memphis on waybills 391 and 393 of the Southern Railway of date of February 7th.

[9] Nor, on the other hand, can the granting of a new trial be reversed upon the ground that the Southern Railway Company is liable as intermediate carrier of an interstate shipment on through bill of lading for all injuries occurring en route, even while being handled by connecting carriers.

[10-12] The contract contained the usual limitation of liability to injuries occurring on its own line. Such stipulation is valid. Indeed, without special contract or relation of the carriers imposing a joint liability, each is liable severally for nonperformance of its own duty only. The Cummings-Carmack Amendment (49 USCA § 20; U. S.

Comp. St. §§ 8592, 8604a, 8604aa), imposing liability on the initial carrier throughout, does not extend to connecting carriers. As to these liability remains as theretofore. Oregon-Washington R. & Nav. Co. v. McGinn, 258 U. S. 409, 42 S. Ct. 332, 66 L. Ed. 689; So. Exp. Co. v. Saks, 160 Ala. 621, 49 So. 392.

[13] Among the grounds of motion for a new trial was the following portion of the court's oral charge to which exception was reserved on the trial:

"I charge you that, if the evidence convinces you to your reasonable satisfaction that these mules were in good condition when they were first loaded for shipment from Plainview, Tex., to Hartselle, Ala., and if the evidence shows to your reasonable satisfaction that they were damaged in shipment, and if you find from the evidence that when they were received at Hartselle, Ala., they were in bad condition, and you further find that the Southern Railway Company transported them a part of the way from Plainview, Tex., to Hartselle, Ala., as connecting carrier, then, gentlemen, the burden shifts to the defendant to show to your reasonable satisfaction that they were not injured while in the possession of the Southern Railway Company."

In this there was error. The statement of the law in this portion of the charge is the general rule as to the terminal or delivering carrier, not applicable to the intermediate carrier. Montgomery & Eufaula Rwy. Co. v. Culver, 75 Ala. 587, 51 Am. Rep. 483.

[14] The learned judge having fallen into this error, his ruling in granting the motion for new trial in general terms will be referred to this ground of the motion. If, indeed, he had granted it upon mistaken ground, he would still be sustained, if the result was correct.

[15] We cannot sustain the view of appellant that the new trial could not be granted upon this ground for want of proper exception. The several excerpts from the oral charge were excepted to "separately and severally." This was not an exception to all of them in bulk.

In Rarden v. Cunningham, 136 Ala. 263, 34 So. 26, relied upon by appellant, the point of the decision was that several written charges were requested in their entirety. For this reason the exception was treated as general. The case does not hold that, if the charges had been requested "separately and severally," the exception in like form would not have presented each charge for review. The case is not in point here.

[16-18] There was some evidence tending to show the mules were injured in transit; that they were not apparently injured when received by the Southern Railway Company at Memphis, and, when seen in the cars on this company's track at Decatur, some were down in the car, and in a general way injury appeared. But the detailed evidence of the extent of injury was directed to the time of unloading in Hartselle and subsequent developments. Defendant offered no evidence on this issue. Considering the long journey of some nine days, the extent and nature of the injuries, the conditions of weather, and the handling of the mules after unloading, and the natural propensities of the mules, many of them mule colts, the liability of the Southern Railway and of the Louisville & Nashville Railroad, and the extent of same, were questions for the jury. Injuries, if any, resulting from the negligence of the Southern leading proximately to the death of the mules after unloading at Hartselle on the Louisville & Nashville would be referable to the operation of the Southern. If further injuries resulted proximately from the negligence of the Louisville & Nashville including accentuation of injuries already begun, such additional injury would be referred to the operation of the Louisville & Nashville.

The rule as to the burden of proof in live stock cases, when the fact of injury on a given line sufficiently appears, is stated in Atlantic Coast Line R. R. v. Carroll Mercantile Co., 210 Ala. 284, 97 So. 904; Id., 213 Ala. 234, 104 So. 413.

There was error on the main trial in giving the affirmative charge as to operations of the Louisville & Nashville Railroad. There was no error in granting a new trial as to liability because of the operation of the Southern Railway. As to this order the cause is affirmed. The judgment is reversed in so far as not vacated by order for a new trial, and the cause remanded for a new trial touching the liability growing out of the operation of both railroads.

Let the appellee pay the costs of appeal.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.