(131 So. 458)

**LYNN v. MELLON, Director General of Railroads.**

**8 Div. 977.**

Court of Appeals of Alabama.
Oct. 28, 1930.

Rehearing Denied Dec. 16, 1930.

E. W. Godbey, of Decatur, for appellant.

S. A. Lynne and Eyster & Eyster, all of Decatur, for appellee.

SAMFORD, J.

The plaintiff shipped via the Pan Handle & Santa Fé Railway from Plainview, Tex., two carloads of young, unbroken mules; the destination of the shipment being Hartselle, Ala. The bill of lading was issued January 31, 1918, at Plainview, and provided for transportation of an attendant in charge of the shipment. The distance from Plainview, Tex., to Hartselle, Ala., is 1,500 or 1,600 miles. The plaintiff, as attendant of the shipment, accompanied the two cars of mules until they reached the Mississippi river opposite Memphis, where they were sent across the river and received by the Southern Railway, one of these defendants, on February 7th at 9:30 p. m. The details of the shipment prior to its receipt by the Southern Railway are unimportant, except in so far as the same may be further mentioned in this opinion. According to the undisputed testimony, the shipment was in good order, and had been fed and watered, as required by federal statute, one day west of the terminus of the railroad making delivery to the Southern Railway. At Memphis the attendant was not permitted to further accompany the shipment, and it is conceded that neither the Southern Railway nor the Louisville & Nashville Railroad fed and watered the mules while in their possession. The train carrying the shipment over the Southern Railway took charge of the two cars at 2:45 a. m. February 8th. At Sheffield, 143 miles east of Memphis, the testimony of defendant discloses that "nothing was wrong with the stock when inspected at Sheffield." When the shipment reached Decatur 43 miles east of Sheffield, about 8:30 p. m., the evidence is in conflict, that for plaintiff tending to

show that two of the mules were down and being trodden on, and that for defendant that none were down. At some time between 8:30 p. m. February 8th and 1:30 a. m. February 9th, the shipment was delivered to defendant Louisville & Nashville Railroad, which carrier transported it 12 miles to Hartselle, the point of destination, arriving there at 2:50 a. m., and the delivery of the mules was made to this plaintiff at 8 o'clock a. m. after he had signed a printed receipt stating, among other things, that he had received the shipment in good order. When the mules were let out of the cars and into the pen, it was found that two of them were crippled, many of them were bitten, rubbed, manes and tails chewed off, hungry, sore, from the effects of which several of the mules died, and all of them were rendered less valuable.

The preliminary motions and pleadings regarding the right of suit, proper parties, etc., have been settled in a former appeal. Lynn v. Mellon, etc., 217 Ala. 75, 114 So. 680.

■ In passing upon this appeal, one of the first things to impress the court is that, when this shipment was turned over to defendant Southern Railway, the mules and shipment were in good condition. Aside from the testimony of plaintiff that he saw them one mile west of the Mississippi river at the time they were turned over to defendant, and that then they were in good condition, it is shown that 143 miles east of that point, and while in possession of defendant, the mules were still in good condition. It therefore appears that whatever injury was inflicted on the mules as a result of the negligence of either of these defendants occurred after the shipment left Sheffield, Ala., and before delivery to the plaintiff at Hartselle. The damage to the mules being shown at the point of delivery, the burden rested on defendant Louisville & Nashville Railroad to show, as a condition to its nonliability, that such injuries as were shown resulted from the nature or propensities of the animals, without proximate causative negligence on the part of defendant or its servants, or that such injuries were caused by the act of a preceding connecting carrier in which it did not participate. Atlantic C. L. R. Co. v. Carroll, etc., 210 Ala. 284, 97 So. 904; Lynn v. Mellon, supra.

■■ If the injury to the mules in this shipment was due to the peculiar nature and propensity of the animals, neither of these defendants would be liable, unless such injury could have been prevented by the exercise of reasonable foresight, vigilance, and care on their part. 10 Corpus Juris, 122, 123. In the first instance injury having been shown, the burden would rest upon the Louisville & Nashville Railroad to prove the propensity of the animals as above indicated. If upon the whole evidence the jury should conclude that the delivering carrier was not liable, then they would proceed to the inquiry as to whether or not the injury was caused by the actionable negligence of the Southern Railway. If there was actionable negligence regarding the shipment between the time the cars of mules were received by the Southern Railway at Memphis and the delivery to plaintiff at Hartselle, and the jury should conclude from the evidence that the Louisville & Nashville defendant had acquitted itself, the conclusion would be inescapable that the defendant Southern Railway would be liable. The rule as laid down in Montgomery & E. Ry. Co. v. Culver, 75 Ala. 587, 51 Am. Rep. 483, is not applicable here. In that case the question arose over presumption growing out of the relations of connecting carriers, while here both the delivery carrier and the preceding connecting carrier are sued. If actionable liability is shown to exist, and the jury so concludes, it follows ex necessitate that either one or both of the defendants are liable, and, if one should by the evidence acquit itself, the other must be the guilty agent. On this question of actionable negligence, where the defense is that the natural propensity of the animals caused the injury without causative fault on the part of defendant, the burden is on the defendant to prove this fact to the reasonable satisfaction of the jury. The rulings of the court were at variance from the above in its rulings on charges. 10 Corpus Juris, 373 (576).

■ Charge 10, given at the request of defendant, was error, and should not have been given. This charge instructs the jury to find for defendant notwithstanding defendant may may have been guilty of all sorts of culpable negligence proximately causing injury, other than a delay in handling the shipment. American Express Co. v. Dunnaway, 207 Ala. 392, 92 So. 780.

■ Whatever responsibility rested upon plaintiff as an accompanying attendant of the mules, under the contract of shipment, came to an end at Memphis, when the connecting carrier of the original carrier prevented plaintiff from further accompanying the shipment. 10 Corpus Juris, 97(110).

■■ By federal statute (Rev. St. U. S. §§ 4386–4389), the defendants as carriers of live stock from one state into another are prohibited from confining same in its cars for a longer period of time than twenty-eight consecutive hours without unloading the same for rest, water, and feeding for a period of at least five consecutive hours, unless prevented from doing so by accidental causes, but it is further provided that on the written request of the owner or person in custody of the shipment, which written request shall be separate and apart from any printed bill of lading or other railroad form, the time of confinement

may be extended to thirty-six hours. It can be readily seen that this statute does not change the common-law duty of the carrier with reference to the live stock, but fixes a period of confinement, beyond which is negligence, and makes certain when and where the common-law duty of the carrier for the preservation and comfort of its stock should be exercised. A failure to comply with this duty is negligence per se, rendering the railroad company liable to the shipper for the resulting injuries to the animals. 10 Corpus Juris, 98(113); Southern Ry. Co. v. Proctor, 3 Ala. App. 413, 57 So. 513. The shipment in this case was interstate, bringing it under the direct influence of U. S. Comp. St. Supp. 1909, p. 1178, Fed. Statute Ann. Supp. 1909, pp. 43, 44 (45 USCA § 71 et seq.). Under the foregoing statutes, the carrier cannot by any contract with the shipper relieve itself of the prescribed duty of feeding and watering the animals, if the owner or custodian fails to do so. Southern Ry. Co. v. Proctor, 3 Ala. App. 413, 57 So. 513.

▮▮ If the mules constituting this shipment had not been fed, watered, and unloaded for twenty-four hours before coming into the custody of defendant Southern Railway Company, this is a fact of which defendant must take notice, and the statute would require a compliance with the law by each connecting carrier, and, if the time limit expired while the shipment was in the custody of Southern Railway Company, it would be guilty of a violation as above indicated. 10 Corpus Juris, 540(889). And, if the Louisville & Nashville Railroad Company continued the violation, it too would be guilty of the same negligence. If, as a proximate result of such extended confinement without food and water, the animals were injured, both of these defendants would be liable. Vaughn v. St. Louis-San Francisco Ry. Co. et al. (Mo. App.) 15 S.W.(2d) 901; Heisel v. Mpls. & St. L. R. Co., 185 Iowa, 885, 171 N. W. 177; Grand Trunk W. Ry. Co. y. U. S. (C. C. A.) 248 F. 905; U. S. v. Chicago, M. & St. P. Ry. Co. (C. C. A.) 250 F. 442.

If, therefore, the shipment of mules in this case was turned over to the defendant Southern Railway Company, a connecting carrier, in good condition, but not having been unloaded, fed, and watered for twenty-four hours prior thereto, it was the duty of such company to give the mules the attention required by the statute within the time specified, and, failing in this, it was guilty of negligence per se, and, if the defendant Louisville & Nashville Railroad took the shipment without complying with the terms of the statute, it too participated in the omission, and thereby became liable as well.

We think that the foregoing will suffice for a guidance of the trial court on another trial.

The rulings of the lower court in the trial of this case were not in line with the above, and the judgment is reversed and the cause is remanded.

Reversed and remanded.